UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIFESCAN SCOTLAND, LTD., )<br>)<br>           Plaintiff,          )<br>     v.                             )<br>                                     )<br>SHASTA TECHNOLOGIES, LLC, ET )<br>AL.                               )<br>                                     )<br>           Defendant.        )<br>_____) | Case No.: C-11-04494 EJD (PSG)<br><br>**ORDER DENYING PLAINTIFF LIFESCAN SCOTLAND, LTD.'S MOTION FOR EXPEDITED DISCOVERY**<br><br>**(Re: Docket No. 33)** |

In this patent infringement suit, Plaintiff Lifescan Scotland, Ltd. ("Lifescan Scotland") moves for expedited discovery and to modify the scheduling order.[1] Defendants Shasta Technologies, LLC ("Shasta"), InstaCare Corporation ("InstaCare"), PharmaTech Solutions, Inc. ("PharmaTech") and Conductive Technologies, Inc. ("Conductive") (collectively "Defendants") oppose the motion. On November 29, 2011, Shasta, InstaCare, PharmaTech, and Conductive appeared for hearing. Lifescan Scotland did not. Because Lifescan Scotland failed to appear, the motion was taken under submission without oral argument. Having reviewed the papers and considered the arguments of counsel, the court DENIES Lifescan Scotland's motion for limited expedited discovery.

---

[1] Any requests to modify the scheduling order should be presented to the presiding judge.

Case No.: 11-04994 EJD (PSG)
ORDER DENYING MOTION FOR EXPEDITED DISCOVERY                                      1

## I. BACKGROUND

Lifescan, Inc. ("Lifescan") is an indirect parent of Lifescan Scotland. Lifescan markets the OneTouch Ultra glucose monitoring system ("OneTouch Ultra").[2] Diabetics use glucose monitoring systems such as the OneTouch Ultra to check their blood glucose levels. Diabetics risk long term and life-threatening health complications if they fail to detect either hypoglycemia (low blood glucose) or hyperglycemia (high blood glucose). In conjunction with OneTouch Ultra devices, Lifescan Scotland markets OneTouch Ultra test strips. A single use disposable test strip is inserted into a OneTouch Ultra device and measures the flow of electrical current to determine the blood glucose level.

Lifescan Scotland owns U.S. Patent Nos. 5,708,247 and 6,241,862 (the "asserted patents"). The asserted patents involve methods for manufacturing disposable blood glucose testing strips. Lifescan Scotland alleges that any test strips, other than OneTouch Ultra test strips, designed for use with the OneTouch Ultra monitoring system are within the scope of the asserted patents.

In the complaint, Lifescan Scotland alleges that Defendants market or intend to market test strips known as Shasta Genstrips for use with Lifescan's OneTouch Ultra devices. Shasta has applied to the United States Food and Drug Administration ("FDA") for pre-market approval of Shasta Genstrips. Lifescan Scotland alleges that upon FDA approval, Yeah, wellDefendants will sell or offer for sale Shasta Genstrips in the United States.

On April 18, 2011, InstaCare issued a press release announcing that its subsidiary PharmaTech would control, manage and distribute Shasta Genstrips in the United States. In the same press release, InstaCare also announced that Shasta Genstrips would be targeted to exploit an established diagnostic and FDA-approved platform in the $20 billion worldwide market.

Lifescan Scotland alleges that Shasta Genstrips have been designed for use with OneTouch Ultra monitors. Because they are not yet available on the market, Lifescan Scotland claims that it needs access to Shasta Genstrips to perform tests to determine how the strips are

---

[2] The OneTouch Ultra family of glucose monitors includes OneTouch Ultra, OneTouch, Ultra2, OneTouch UltraSmart, OneTouch UltraLink, and OneTouch UltraMini.

Case No.: 11-04994 EJD (PSG)
ORDER DENYING MOTION FOR EXPEDITED DISCOVERY          2

made and to establish exactly how Shasta Genstrips infringe the asserted patents. Accordingly, Lifescan Scotland seeks the following discovery on an expedited basis:

(1) 200 samples of each model of the Shasta Genstrip;

(2) documents sufficient to fully describe the method of manufacture of each model of the Shasta Genstrip;

(3) documents sufficient to show the compatibility of the Shasta Genstrip with the Lifescan OneTouch Ultra line of glucose monitors; and

(4) All contracts or agreements among any and or all of the Defendants concerning the Shasta Genstrip, including but not limited to, those described by the April 18, 2011 press release identified in paragraph 28 of the Complaint, those described by the May 27, 2011 Financial Guidance Memo identified in paragraph 40 of the Complaint, and those concerning any agreements to manufacture the Shasta Genstrip.

## II. LEGAL STANDARDS

Under Rule 26(d), a party may not seek discovery from any source until the parties have conferred pursuant to Rule 26(f).[3] The Rule 26(f) conference must be held at least 21 days before the initial Case Management Conference.[4] In the Ninth Circuit, the good cause standard governs whether to permit discovery prior to the Rule 26(f) conference.[5] "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."[6] In determining whether good cause justifies expedited discovery, courts commonly consider factors including: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.[7] Courts have

---

[3] Fed, R. Civ. P. 26(d).

[4] Fed. R. Civ. P. 26(f).

[5] *See Semitool, Inc. v. Tokyo Electron America, Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002).

[6] *See id.*

[7] *See Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-CV-01846-LHK, 2011 WL 1938154, *1 (N.D. Cal. May 18, 2011).

Case No.: 11-04994 EJD (PSG)
ORDER DENYING MOTION FOR EXPEDITED DISCOVERY 3

recognized that good cause is frequently found in cases involving claims of patent infringement.[8]

## III. DISCUSSION

Judge Davila has set the initial Case Management Conference for January 13, 2012.[9] Pursuant to the Federal Rules, Lifescan Scotland may begin propounding discovery requests on December 23, 2011, the date by which the parties are to confer in preparation for the conference. Lifescan Scotland proposes to advance the date it may propound discovery by 24 days. Lifescan Scotland also seeks to shorten the date for Defendants to respond to discovery requests from thirty to twenty days.

Lifescan Scotland argues that it seeks expedited discovery: (1) to determine which patents are being infringed so that it may amend the complaint, if necessary; (2) to facilitate a comprehensive case management conference; and (3) to allow full compliance with disclosure obligations under Pat. L.R. 3-1 and 3-2.

Defendants do not dispute that the discovery sought is relevant and concede that it would be produced in the normal course of discovery. Defendants also have had notice that Lifescan Scotland seeks this information since June 24, 2011, when Lifescan Scotland first contacted Defendants regarding the April 18, 2011 press release and requested samples of Shasta Genstrips.

Defendants nevertheless contend however that the discovery is premature.[10] They note that the FDA has not yet even approved the sale of Shasta Genstrips in the United States and highlight the very real possibility that FDA approval may never be granted or granted only based on

---

[8] *See, e.g., Benham Jewelry Corp. v. Aron Basha Corp.,* Case No. 97 CIV 3841 RWS, 1997 WL 6399037, *20 (S.D.N.Y. Oct. 14, 1997).

[9] *See* Docket No. 18.

[10] Defendants InstaCare and PharmaTech argue that 35 U.S.C. § 271(e)(1) provides a safe harbor for their accused activities because the Shasta Genstrips still require FDA approval and are not yet on the market. Lifescan Scotland disputes the applicability of 35 U.S.C. § 271(e)(1) to the specific activities it accuses of infringement, including Defendants' "pre-launch" preparations for expected future sales. *See Amgen, Inc. v. Int'l Trade Comm'n,* 555 F.3d 846, 852-53 (Fed. Cir. 2009).

Case No.: 11-04994 EJD (PSG)
ORDER DENYING MOTION FOR EXPEDITED DISCOVERY    4

modifications that would be relevant to any infringement analyses. In addition, Defendants note that a preliminary injunction is not pending, that the discovery sought is overbroad, and that Lifescan Scotland's stated purpose to comply with the Patent Local Rules is make-weight.

The court agrees with Defendants. Because the FDA has not yet approved the sale of Shasta Genstrips in the United States, the lawsuit, and any motion for expedited discovery, may be premature.[11] Even if certain accused activities fall outside the Section 271(e)(1) safe harbor, Lifescan Scotland has offered no evidence that a 24-day delay in taking discovery will expose it to undue prejudice. Even if the requests are reasonable in scope, the court notes that a motion for a preliminary injunction is not pending and Lifescan Scotland has not indicated that it ever intends to file one. Particularly in light of the burden on Defendants of responding as requested by Lifescan Scotland in less than the time allotted by Rule 34, Lifescan Scotland's stated purpose does not justify the expedited discovery that it seeks. Discovery ought to proceed instead in the normal course and after the Rule 26(f) conference.

## IV. CONCLUSION

Lifescan Scotland's motion for expedited discovery is DENIED.

**IT IS SO ORDERED.**

Dated: November 29, 2011

                                              PAUL S. GREWAL
                                              United States Magistrate Judge

---

[11] Shasta and Conductive represent that they intend to move to dismiss or stay the suit. *See* Docket No. 36.