1 | RALPH W. ROBINSON (State Bar No. 51346)
FRANCIS J. TORRENCE (State Bar No. 154653)
2 | **WILSON, ELSER, MOSKOWITZ,**
  **EDELMAN & DICKER LLP**
3 | 525 Market Street, 17th Floor
San Francisco, California 94105-2725
4 | Telephone: (415) 433-0990
Facsimile: (415) 434-1370
5 | E-mail: ralph.robinson@wilsonelser.com
E-mail: francis.torrence@wilsonelser.com
6 |
7 | JURA C. ZIBAS (State Bar No. 217864)
**WILSON, ELSER, MOSKOWITZ,**
  **EDELMAN & DICKER LLP**
8 | 150 E. 42nd Street
New York, New York 10017
9 | Telephone: (212) 490-3000
Facsimile: (212) 490-3038
10 | E-mail: jura.zibas@wilsonelser.com

11 | Attorneys for Defendants
**INSTACARE CORP. and**
12 | **PHARMATECH SOLUTIONS, INC.**

13 | LAEL E. ANDARA (State Bar No. 215416)
ROBERT P. ANDRIS (State Bar No. 130290)
14 | **ROPERS, MAJESKI, KOHN & BENTLEY**
1001 Marshall Street, Suite 500
15 | Redwood City, California  94063-2052
Telephone:    (650) 364-8200
16 | Facsimile:    (650) 780-1701
Email:  randris@rmkb.com
17 | Email:  landara@rmkb.com

18 | Attorneys for Defendants
**SHASTA TECHNOLOGIES, LLC and CONDUCTIVE TECHNOLOGIES, INC.**
19 |

20 | **UNITED STATES DISTRICT COURT**

21 | **NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION**

| | |
|---|---|
| 22  LIFESCAN SCOTLAND, LTD., | **Case No. CV11-04494-EJD (PSG)** |
| 23         Plaintiff, | **DEFENDANTS' SUPPLEMENTAL CASE MANAGEMENT STATEMENT** |
| 24  v. | Fed. R. Civ. P. 26(f) |
| 25  SHASTA TECHNOLOGIES, LLC, INSTACARE CORP., PHARMATECH | Civ. L. R. 16-9<br>Patent L.R. 2-1 |
| 26  SOLUTIONS, INC., and CONDUCTIVE TECHNOLOGIES, INC., | **Judge:**     Honorable Edward J. Davila |
| 27         Defendants. | **Courtroom:** 1<br>**Date:**     January 20, 2012 |
| 28 | **Time:**     10:00 a.m. |

1

1    Pursuant to the Court's Order of January 11, 2012, Defendants Shasta Technologies, LLC

2  ("Shasta"), Instacare Corp. ("Instacare"), Pharmatech Solutions, Inc. ( "Pharmatech") and

3  Conductive Technologies, Inc. ("Conductive") (collectively, "Defendants") submit this

4  Supplemental Case Management Statement.

5    **Section 17:  Discovery and Pre-trial Scheduling:**

6    As set forth in the parties' Joint CMC Statement, Defendants request that all discovery be

7  stayed until such time as the Court rules on Defendants' pending motions, presently set for March

8  23, 2012.   Specifically, Defendants propose that the discovery Stay apply to any new discovery

9  and all first party discovery.[1]  Consistent with this approach, Defendants propose that a further

10  CMC can be held after the Court's ruling on the motions, if necessary, at which time the parties

11  can address an appropriate discovery plan and schedule. The Defendants request this because at

12  present there is no "final" product on the market and the anticipated product is still in the

13  application process before the FDA.  As such, any efforts at discovery at present will constantly

14  be forced to deal with the fact that there is no final product at issue.

15    Alternatively, Defendants have proposed that the entire case be stayed until such time as

16  the FDA approves the test strips, at which time the parties can schedule a further CMC with the

17  Court.

18    Now, as yet another alternative approach, and pursuant  to the Court's January 11, 2012

19  Order, the Defendants propose the following schedule.  Defendants do so only as an alternative to

20  their request for a stay of discovery and this litigation until the Court rules on the Defendants'

21  pending motions.

22    The proposed schedule addresses the future handling of the case up through the Claim

23  Construction Hearing (proposed for January 2013), at which point the Defendants propose a

24  Further Case Management Conference to address the final deadlines and schedules for the

25  litigation.

26

27

28
[1]  To the extent third party subpoenas have been served, it seems most efficient to have those should go forward at this time.

2

1    Please note, the following proposed schedule adopts plaintiff's proposed date of January

2    27, 2012 for its Patent Local Rules 3-1 and 3-2 disclosures.

| Event | Proposed Date |
|---|---|
| Initial Case Management Conference | January 20, 2012 |
| LifeScan Scotland's disclosure of asserted claims and infringement contentions (Patent L.R. 3-1) and related document production (Patent L.R. 3-2). | January 27, 2012 |
| Rule 26(a)(1)(A) initial disclosures | February 24, 2012, or later if modified at the CMC. |
| Hearing on Defendnats' Motions | March 23, 2012 |
| Defendants' invalidity contentions (Patent L.R. 3-3) and related document production (Patent L.R. 3-4) | April 20, 2012 (all further dates might require modification following the March 23 hearing.) |
| Exchange of proposed terms and claim elements for construction (Patent L.R. 4-1(a)) | May 16, 2012 |
| Exchange of preliminary proposed claim construction and extrinsic evidence (Patent L.R. 4-2) and initial disclosure of claim construction expert identities and résumés | August 6, 2012 |
| Joint claim construction statement (Patent L.R. 4-3) – limited to 10 terms unless leave of court granted. | September 18, 2012 |
| Completion of Claim Construction Discovery Other Than Expert Depositions (Patent L.R. 4-4) | October 19, 2012 |
| LifeScan Scotland's opening claim construction brief (Patent L.R. 4-5(a)) and any expert declaration in support | November 5, 2012 |
| Defendants' opposing claim construction Brief, (Patent L.R. 4-5(b)) and any expert declaration in support | December 3, 2012 |
| LifeScan Scotland's reply claim construction brief (Patent L.R. 4-5(c)). | December 24, 2012 |
| Technology Tutorial | January 11, 2013 or other such day that is convenient for the Court |
| Claim Construction Hearing | January 11, 2013 or other such day that is convenient for the Court |
| Further Case Management Conference for setting remaining trial and pretrial dates. | February 15, 2013, or at the Court's convenience. |

**Limitations on Discovery:**

As set forth in their section in the Joint CMC Statement, Defendants oppose plaintiff's

requests to expand the presumptive discovery limitations per the Federal Rules and of this Court.

3

1  Specifically, Defendants can see no reason why such a large number of hours of deposition

2  testimony should be requested by plaintiff or even considered. Likewise, there is no reason at this

3  point in time to modify the limits on depositions as set forth in Rule 30. Plaintiff has provided no

4  explanation or reason for modifying those limitations. Defendants do not agree at this time to

5  plaintiff's proposed discovery modifications.

6

7  Dated: January 13, 2012                              WILSON, ELSER, MOSKOWITZ,
                                                         EDELMAN & DICKER LLP

8

9                                          By:        /s/ Francis J. Torrence
                                                      RALPH W. ROBINSON
10                                                    FRANCIS J. TORRENCE
                                                      Attorneys for Defendants
11                                                    INSTACARE CORP.,
                                                      PHARMATECH SOLUTIONS, INC.
12
                                                      JURA C. ZIBAS
13                                                    150 E. 42nd Street
                                                      New York, New York 10017
14                                                    Telephone: (212) 490-3000
                                                      Facsimile: (212) 490-3038
15                                                    E-mail: jura.zibas@wilsonelser.com

16

17

18  Dated: January 13, 2012                             ROPERS, MAJESKI, KOHN & BENTLEY

19
                                           By:        /s/ Robert P. Andris
20                                                    ROBERT P. ANDRIS
                                                      LAEL E. ANDARA
21                                                    Attorneys for Defendants
                                                      SHASTA TECHNOLOGIES, LLC and
22                                                    CONDUCTIVE TECHNOLOGIES, INC.

23

24         I hereby attest that I have on file written permission to sign this stipulation from all parties

25  whose signatures are indicated by a "conformed" signature (/s/) within this e-filed document.

26                                                    /s/ Francis J. Torrence

27

28
                                              4