UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIFESCAN SCOTLAND, LTD., <br><br>　　　　　　Plaintiff, <br>　　v. <br><br>SHASTA TECHNOLOGIES, LLC, ET AL., <br><br>　　　　　　Defendants. | Case No.: 11-CV-4494-PSG <br><br>**ORDER GRANTING-IN-PART DEFENDANTS SHASTA TECHNOLOGIES, LLC AND CONDUCTIVE TECHNOLOGIES, INC.'S MOTION FOR PROTECTIVE ORDER** <br><br>**(Re: Docket No. 69)** |

　　　　In this patent infringement suit, Defendants Shasta Technologies, LLC ("Shasta") and Conductive Technologies, Inc. ("Conductive") move for protective order. Plaintiff Lifescan Scotland, Ltd. ("Lifescan") opposes the motion. On February 16, 2012, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel, the court GRANTS Defendants' motion for protective order, but only IN PART.

　　　　Defendants' motion to dismiss or to stay the litigation is pending before Judge Davila and scheduled to be heard by him on March 23, 2012. Until then, Defendants seek to avoid the burden of costly discovery that may be rendered unnecessary by a ruling in their favor, including but not limited to initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and documents responsive to Lifescan's various requests. As set forth in their motion to dismiss, Defendants contend that under 35 U.S.C. § 271(e)(1), they are protected from claims of patent infringement while an application

1  for pre-market approval is pending before the Food and Drug Administration ("FDA"). Defendants
2  also contend that this same safe harbor should bar discovery. Indeed, Defendants note that at the
3  case management conference held on January 20, 2012, Judge Davila stayed all depositions until
4  March 23.

5  Lifescan opposes the motion and notes that Judge Davila's ruling at the case management
6  conference was that all discovery other than depositions should proceed. Lifescan disputes that all
7  Defendants' activities relate to obtaining FDA approval and explains that Defendants' acts outside
8  the scope of Section 271(e)(1) are the ones that are the subject of its infringement claims.
9  Lifescan's infringement claims are targeted toward Defendants' present manufacture and
10 stockpiling of Shasta GenStrips in anticipation of their commercial launch and Defendants'
11 anticipated sales of those Shasta GenStrips once FDA approval is obtained. Based on Defendant
12 InstaCare Corporation's ("InstaCare") representations in its Form 10-Q filings with the U.S.
13 Securities and Exchange Commission, Lifescan believes that FDA approval is imminent and
14 Defendants are prepared to sell Shasta GenStrips immediately.[1] Lifescan argues that it needs the
15 discovery sought now in order to secure evidence in support of a motion for preliminary injunction
16 that it intends to file.

17 The court is not persuaded that all discovery must cease, as Defendants urge. At the case
18 management conference, Judge Davila was unequivocal that except for depositions, discovery
19 should move forward. In light of the court's lack of equivocation, and his consideration of the issue
20 then, certain discovery must proceed as Judge Davila contemplated. At the hearing, Lifescan
21 indicated that while all the requested discovery is important, its most pressing needs are 200
22 product samples and the FDA file. Accordingly, while all other discovery obligations may be
23 avoided until a ruling on the underlying motion, no later than March 1, 2012, Defendants shall

---

[1] In response to Lifescan's claims that Defendants have manufactured and stockpiled Shasta GenStrips in anticipation of a commercial launch, Defendants refer to the declaration of Calvin Knickerbocker ("Knickerbocker"), who is a managing member of Shasta. Knickerbocker states that "[t]he stock currently on hand is anticipated to expire prior to any FDA approval of the pending 510K application." He also states that the stockpile was created to comply with the FDA requirement that the products be tested to determine their shelf life.

produce the requested product samples and file. Until the parties are able to enter into their own stipulated protective order, this district's model stipulated protective order for litigation involving patents, highly sensitive confidential information and/or trade secrets shall apply.

**IT IS SO ORDERED.**

Dated: 2/16/2012

PAUL S. GREWAL
United States Magistrate Judge