1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Eugene M. Gelernter (*admitted pro hac vice*)
PATTERSON BELKNAP WEBB
  & TYLER LLP
1133 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 336-2000
Facsimile:  (212) 336-2222
E-Mail:emgelernter@pbwt.com

Richard Goetz (S.B. #115666)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California  90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
E-Mail:  rgoetz@omm.com

Roberta Vespremi (S.B. #225067)
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, California  94025
Telephone: (650) 473-2600
Facsimile: (650) 473-2601
E-Mail:  rvespremi@omm.com

Attorneys for Plaintiff
LIFESCAN SCOTLAND, LTD.

Robert Andris
Lael E. Andara
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 500
Redwood City, California  94063-2052
Telephone:     (650) 364-8200
Facsimile:      (650) 780-1701
randris@rmkb.com
landara@rmkb.com

Attorneys for Defendants
SHASTA TECHNOLOGIES, LLC and
CONDUCTIVE TECHNOLOGIES, INC.

Ralph W. Robinson
Francis Torrence
WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, California 94105-2725
Telephone: (415) 433-0990
Facsimile: (415) 434-1370
E-mail: ralph.robinson@wilsonelser.com
E-mail: francis.torrence@wilsonelser.com

JURA C. ZIBAS
150 E. 42nd Street
New York, New York 10017
Telephone: (212) 490-3000
Facsimile: (212) 490-3038
E-mail: jura.zibas@wilsonelser.com

Attorneys for Defendants
INSTACARE CORP. and
PHARMATECH SOLUTIONS, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| LIFESCAN SCOTLAND, LTD., <br><br> Plaintiff, <br> v. <br><br> SHASTA TECHNOLOGIES, LLC, INSTACARE CORP., PHARMATECH SOLUTIONS, INC., and CONDUCTIVE TECHNOLOGIES, INC., <br><br> Defendants. | Case No. CV11-04494-EJD (PSG) <br><br> JOINT INTERIM CASE MANAGEMENT STATEMENT <br><br> Judge:  Honorable Edward J. Davila <br> Courtroom:      1 <br> Date: July 6, 2012 <br> Time:  10:00 a.m. |

- 1 -

JOINT CASE MANAGEMENT STATEMENT, NO.
CV11-04494-EJD

5046034v.1

1     Pursuant to Civil L.R. 16-10(d) and the Court's Orders of February 1, 2012 (D.E.

2  71) and May 9, 2012 (D.E. 94), Plaintiff LifeScan Scotland, Ltd. ("Plaintiff") and Defendants

3  Shasta Technologies, LLC and Conductive Technologies, Inc. (collectively, "Shasta"), and

4  Defendants InstaCare Corp. and PharmaTech Solutions, Inc. (collectively, "InstaCare"), submit

5  this Joint Interim Case Management Statement in advance of the Interim Case Management

6  Conference to be held on July 6, 2012, in order to update this Court on proceedings in this case

7  since the initial Case Management Conference on January 20, 2012.  Plaintiff and Defendants

8  continue to view this case from very different perspectives.   That difference affects both their

9  substantive and procedural views of this case.  Each of these view points are set forth separately

10  below.

11                **PLAINTIFF'S SECTION**

12     Although Plaintiffs prepared and proposed a Joint Interim Case Management

13  Statement that was neutral and non-adversarial, Defendants unfortunately chose to respond by

14  adding a section that aggressively advocates their positions on the merits and on various

15  discovery issues.  Plaintiff has no choice but to respond.

16     In this action, Plaintiff alleges that Defendants: (1) have infringed Plaintiff's

17  patents by engaging in commercial activity, *e.g.*, making infringing test strips and offering them

18  for sale; and (2) will infringe Plaintiff's patents by commercial manufacture and sale of the Shasta

19  GenStrip, which Defendants have advised the S.E.C. is forthcoming.  All of these activities are

20  outside the safe harbor that 35 U.S.C. § 271(e)(1) provides for activities undertaken solely in

21  support of an application for regulatory approval.

22     In the previous Case Management Conference on January 20, 2012, the Court

23  directed that document production and written discovery should go forward and that depositions

24  be held in abeyance pending the hearing that was then scheduled for March 23, 2012.  On

25  February 16, 2012, Magistrate Judge Grewal granted-in-part-and denied-in-part a motion by

26  Shasta for a protective order, and ordered Defendants to produce product samples and the FDA

27  file for their product within two weeks.  (D.E. 78 at 2-3).  On February 23, Shasta filed objections

28  to the February 16 Order and moved for relief from that Order.  (D.E. 80).  On February 28, 2012,

- 2 -         JOINT INTERIM CASE MANAGEMENT STATEMENT,
                                                              NO. CV11-04494-EJD

5046034v.1

1   the Court stayed enforcement of the February 16, 2012 Order pending a further order of this

2   Court.  (D.E. 82).  As a result, Plaintiff has received no discovery from Defendants in this case.

3   On February 29, InstaCare also filed objections to the February 16, 2012 Order.  (D.E. 83).  On

4   March 2, 2012, Plaintiff responded to Defendants' objections.  (D.E. 84).  Defendants' objections

5   to the February 16 Order are now *sub judice*.

6          On March 21, 2012, the Court stated that it would take Defendants' motions to stay

7   or stay this action (D.E. 43, 44, 49) under submission without oral argument.  (D.E. 86).  The

8   motions to dismiss or stay are also *sub judice*.

9          Plaintiff served infringement contentions on February 13, 2012.  Those contentions

10  set forth the basis for Plaintiff's belief for why the Shasta GenStrip infringes Plaintiff's patents.

11  In brief, Defendants' Shasta GenStrip product is designed to work with Plaintiff's LifeScan test

12  meters by providing a reading of blood glucose levels when it is inserted in a LifeScan test meter.

13  It is Plaintiff's understanding and belief that it is impossible to make a test strip that provides a

14  satisfactory reading of blood glucose levels when used with a LifeScan test meter without

15  infringing LifeScan Scotland's patents.  This is described in the infringement contentions that

16  Plaintiff served on February 13, 2012.  From February 13, 2012 until mid-June 2012, Defendants

17  never expressed any concern about the sufficiency of Plaintiff's infringement contentions.

18         Defendants served invalidity contentions on April 2, 2012.  Under Patent L.R. 3-

19  4(a) those contentions should have been accompanied, *inter alia*, by documents sufficient to

20  describe all aspects of the accused product.  However, Defendants' invalidity contentions were

21  not accompanied by any documents.  In addition, Defendants' invalidity contentions did not the

22  requirements of Patent L.R. 3-3.  Plaintiff objected to the sufficiency of Defendants' invalidity

23  contentions.  Following a meet-and-confer, the parties entered into a Stipulation and Proposed

24  Order to resolve the issue.

25         On May 9, 2012, the Stipulation and Order was entered as a Order of the Court.

26  (D.E. 94).  Paragraphs (A) and (B) of the Stipulation and Order (D.E. 94) required Defendants to

27  serve Supplemental Invalidity Contentions and in accordance with Patent L.R. 3-3 and to provide

28  documents – including documents describing all aspects of the accused product – as required by

- 3 -   JOINT INTERIM CASE MANAGEMENT STATEMENT,
NO. CV11-04494-EJD

5046034v.1

1   Patent L.R.3-4 no later than May 29, 2012.  Under Paragraph (C) of the Stipulation and Order

2   Plaintiff is to serve Supplemental Infringement Contentions within 35 days after Defendants

3   comply with paragraphs (A) and (B).

4           The Stipulation and Order also set forth a schedule governing further proceedings

5   in this case, including further proceedings on claim construction.  Thus, Paragraph (D)-(I) of the

6   Stipulation and Order provided as follows:

7

8           **D.**  The Parties shall exchange Proposed Terms for Construction under

9           Patent L.R. 4-1 no later than 14 days after the service of Supplemental

10          Infringement Contentions by Plaintiff.

11          **E.**  The Parties shall exchange Preliminary Claim Constructions and

12          Extrinsic Evidence under Patent L.R. 4-2 no later than 21 days after the service of

13          Proposed Terms for Construction under the preceding paragraph.

14          **F.**  The Parties shall complete and file a Joint Claim Construction and

15          Prehearing Statement under Patent L.R. 4-3 not later than 60 days after the service

16          of Supplemental Infringement Contentions.

17          **G.**  Claim construction discovery shall be completed not later than 30 days

18          after the service and filing of the Joint Claim Construction and Prehearing

19          Statement.

20          **H.**  Plaintiffs' opening claim construction brief and any supporting evidence

21          shall be filed no later than 45 days after the Joint Claim Construction and

22          Prehearing Statement is served and filed; Defendants' responsive claim

23          construction brief(s) and any supporting evidence shall be filed no later than 14

24          days after the opening claim construction brief is served and filed; Plaintiffs reply

25          claim construction brief and any evidence directly rebutting the supporting

26          evidence contained in Defendants' response shall be filed no later than 7 days after

27          the Responsive Claim Construction Brief is served and filed.

28

- 4 -          JOINT INTERIM CASE MANAGEMENT STATEMENT,
NO. CV11-04494-EJD

1    **I.**  All dates in the Case Management Order shall be modified consistent

2    with this Stipulation and [Proposed] Order.

3            After entering into this Stipulation and Order, Defendants promptly violated its

4    terms.  Although Defendants served supplemental invalidity contentions on May 29, 2012, their

5    supplemental contentions did not meet the requirements of Patent L.R. 3-3 and thus violated the

6    Stipulation and Order of May 9, 2012 (D.E. 94).  Moreover, although the Stipulation and Order

7    required Defendants to provide documents sufficient to describe all aspects of the accused

8    product by May 29, 2012, Defendants did not provide any such documents and they are refusing

9    to do so.

10           Plaintiff objected to the sufficiency of Defendants' supplemental invalidity

11   contentions and objected to their failure to provide documents describing the accused product, as

12   required by the Stipulation and Order (D.E. 94).  The parties met-and-conferred, but have not

13   been able to resolve that dispute.  On June 22, 2012 Defendants served a document entitled

14   Defendant[s'] Objections and Privilege Log, in which they refused to comply with the Stipulation

15   and Order and tried to justify their violations of the Stipulation and Order and their failure to

16   comply with Patent L.R. 3-3 and 3-4.  Plaintiff contends that these excuses do not justify

17   Defendants' violations of the Stipulation and Order.  Plaintiff intends to move shortly for

18   sanctions under Fed. R. Civ. P. 16(f) and 37(b) for Defendants' violations of the Stipulation &

19   Order of May 9, 2012.

20           The Stipulation and Order entered on May 9, 2012 (D.E. 94) provided for

21   proceedings on claim construction to take place after Defendants complied with the Stipulation

22   and Order by providing documents about the accused product and invalidity contentions that

23   comply with Patent L.R. 3-3 and 3-4.  This has not yet occurred.  As a result, a Markman Hearing

24   is not appropriate at this time.

25           As discussed above, Paragraphs (D)-(I) the Stipulation and Order (D.E. 94) set

26   forth revised dates for proceedings on claim construction and further stated that all dates for

27   further proceedings "shall be modified consistent with this Stipulation and Order."   The proposed

28   schedule set forth below is consistent with the schedule set forth in May 9, 2012 Stipulation and

- 5 -          JOINT INTERIM CASE MANAGEMENT STATEMENT,
               NO. CV11-04494-EJD

5046034v.1

1   Order. The schedule that Defendants propose is inconsistent with the schedule called for by the

2   May 9, 2012 Stipulation and Order.

3

| Event | Proposed Date |
|---|---|
| Plaintiffs supplemental infringement contentions (Patent L.R. 3-1) | See the May 9, 2012 Stipulation & Order (D.E. 94) at ¶C |
| Exchange of Proposed Terms for Construction | See the May 9, 2012 Stipulation & Order (D.E. 94) at ¶D |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence | See the May 9, 2012 Stipulation & Order (D.E. 94) at ¶E |
| Joint Claim Construction and Prehearing Statement | See the May 9, 2012 Stipulation & Order (D.E. 94) at ¶F |
| Close of Claim Construction Discovery | See the May 9, 2012 Stipulation & Order (D.E. 94) at ¶G |
| Opening Claim Construction Brief | See the May 9, 2012 Stipulation & Order (D.E. 94) at ¶H |
| Responsive Claim Construction Brief | See the May 9, 2012 Stipulation & Order (D.E. 94) at ¶H |
| Reply Claim Construction Brief | See the May 9, 2012 Stipulation & Order (D.E. 94) at ¶H |
| Deadline for Joinder of any additional parties, or other amendments to the pleadings | 30 days after service of Supplemental Infringement Contentions by Plaintiff |
| Case Tutorial | Two weeks after submission of the Reply brief on claim construction or another date convenient for the Court (Patent L.R. 4-6) |
| Claim Construction Hearing | Following tutorial |
| Fact Discovery Cut-off | 75 days after claim construction ruling |
| Preliminary Pretrial Conference Statement | 7 days prior to preliminary pre-trial conference |
| Preliminary Pretrial Conference | 90 days after Fact Discovery Cut-off or another date convenient for the Court |
| Designation of Opening Experts with Reports | 30 days after Fact Discovery Cut-off |
| Designation of Rebuttal Experts with Reports | 30 days after Designation of Opening Experts |
| Expert Discovery Cutoff | 60 days after Designation of Rebuttal Experts |
| Deadline(s) for Filing Discovery Motions | See Civil Local Rule 37-3 |
| Deadline(s) for Filing Dispositive Motions | 110 days after Expert Discovery Cutoff |

JOINT INTERIM CASE MANAGEMENT STATEMENT,
NO. CV11-04494-EJD

5046034v.1

1      **DEFENDANTS' SECTION:**

2           The current discovery posture of this case demonstrates that neither side can

3      meaningfully provide their required disclosures per to the Local Patent Rules and promises that

4      the parties will remain mired in related discovery disputes.  This current posture (which Plaintiff's

5      Section concedes to some extent) supports and reinforces the Defendants' original request to both

6      dismiss this case as premature, and/or alternatively, to stay discovery pending the outcome on

7      their Motion to Dismiss and FDA approval of the product.  Defendants do not agree with

8      Plaintiff's contention that it prepared and proposed a neutral and non-adversarial Case

9      Management Statement, which in fact is the bulk of Plaintiff's Section.

10          As such, Plaintiff's proposed discovery schedule submitted in its section of this

11     Joint Case Management Statement should be rejected, and the Defendants respectfully request the

12     Court to revisit the imposition of a temporary discovery stay in this case until there is a ruling on

13     the Motion to Dismiss and/or the product is placed on the market following FDA approval.  At

14     either of those points, the parties can then meet and confer and propose a meaningful, workable

15     and joint discovery timetable, the first step of which will be for Plaintiff to provide meaningful

16     and complete Infringement Contentions.

17          As the Court is aware, Defendants have asserted from outset of this case that

18     Plaintiff's infringement law suit is an improper attempt to obtain its product and product

19     information before there is even an FDA approved product and before a product is on the market.

20     To that end, the Defendants filed in December 2011 Motions to Dismiss and Stay Discovery.

21     Those motions are pending before the Court.

22          Plaintiff insisted that discovery should go forward, despite the existence of the

23     pending dispositive Motion.  At the first Case Management Conference, the Court agreed to allow

24     some discovery to go forward.  It is not effective to proceed with discovery in a patent

25     infringement case with no product.  There is no final product in a final form as only the FDA will

26     know the final form at this point.

27          When discovery did go forward, Plaintiff's Infringement Contentions were

28     incomplete as they have no product or product information since Defendants do not have a

- 7 -                JOINT INTERIM CASE MANAGEMENT STATEMENT,
                                          NO. CV11-04494-EJD

5046034v.1

1   product or information as to the specifications for a final product.  In the interest of complying

2   with the Court's orders, Defendants provided their Joint Invalidity Contentions.

3         Yet, when Plaintiff received Defendants' disclosures, Plaintiff insisted on further

4   supplemental responses.  Defendants met and conferred on the issue, avoided further involvement

5   of the Court, and agreed to supplement their responses.  Those responses have been provided

6   recently to Plaintiff.  Notwithstanding Plaintiff's own failure to provide meaningful Infringement

7   Contentions, Plaintiff now threatens sanctions against Defendants' supplemental responses.

8   Plaintiff's suggestion that sanctions are in order ignores Plaintiff's own failure to meet its

9   discovery obligations.  Plaintiff wants the Defendants to comply with the discovery obligations,

10  but ignores Plaintiff's own failure to comply.

11        Plaintiff's Infringement Contentions merely repeat boilerplate responses, providing

12  no specificity and no meaningful information.  The reality is that the particular circumstances of

13  this case render efforts to continue moving forward with discovery unworkable and impractical.

14  Additionally, the manner in which Plaintiff seeks to advance discovery is grossly unequal, as

15  Plaintiff seeks to put the burden of discovery mostly on the Defendants.

16        The past several months of this case demonstrate that meaningful and bilateral

17  discovery should not continue (under any schedule) until there is a final product on the market.

18  Until there is a final product, the parties cannot meaningfully move forward with discovery.  Such

19  a conclusion is consistent with both the law cited in Defendants' Motion papers and the practical

20  realities of this litigation.

21        The Defendants agree with Plaintiff that the existing schedule is unworkable and

22  that it is premature to schedule a Markman hearing at this time.  However, the Defendants

23  disagree that the next step should be to modify the discovery schedule.  Defendants believe that

24  no discovery should go forward until Plaintiff provides meaningful and substantive Infringement

25  Contentions, which the Patent Rules recognize as a meaningful first step to the discovery process.

26        Therefore, the Defendants request that either:  (1) further discovery be stayed until

27  the Court rules on the pending Motions to Dismiss; and/or (2) that Plaintiff be ordered to provide

28  meaningful Supplemental Infringement Contentions by July 25, 2012.   If the Court would like

- 8 -            JOINT INTERIM CASE MANAGEMENT STATEMENT,
                 NO. CV11-04494-EJD

5046034v.1

1  the Defendants to bring a discovery motion regarding the Plaintiff's discovery responses, they will

2  do so.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT INTERIM CASE MANAGEMENT STATEMENT,
NO. CV11-04494-EJD

5046034v.1

1

 Respectfully submitted,

2

3

4

*/s/ Eugene M. Gelernter*
Eugene M. Gelernter (*admitted pro hac vice*)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000
Facsimile: (212) 336-2222
E-Mail:emgelernter@pbwt.com

Richard Goetz (S.B. #115666)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
E-Mail: rgoetz@omm.com

Roberta Vespremi (S.B. #225067)
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, California 94025
Telephone: (650) 473-2600
Facsimile: (650) 473-2601
E-Mail: rvespremi@omm.com

Attorneys for Plaintiff
LIFESCAN SCOTLAND, LTD.

*/s/ Robert Andris*
Robert Andris
Lael E. Andara
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 500
Redwood City, California 94063-2052
Telephone:     (650) 364-8200
Facsimile:     (650) 780-1701
randris@rmkb.com
landara@rmkb.com

Attorneys for Defendants
SHASTA TECHNOLOGIES, LLC and
CONDUCTIVE TECHNOLOGIES, INC.

*/s/ Francis Torrence*
Ralph W. Robinson
Francis Torrence
WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, California 94105-2725
Telephone: (415) 433-0990
Facsimile: (415) 434-1370
E-mail: ralph.robinson@wilsonelser.com
E-mail: francis.torrence@wilsonelser.com

Jura C. Zibas
WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP
150 E. 42nd Street
New York, New York 10017
Telephone: (212) 490-3000
Facsimile: (212) 490-3038
E-mail: jura.zibas@wilsonelser.com

Attorneys for Defendants
INSTACARE CORP. and
PHARMATECH SOLUTIONS, INC.

- 10 -

JOINT INTERIM CASE MANAGEMENT STATEMENT,
NO. CV11-04494-EJD

5046034v.1

1    I hereby attest that I have on file written permission to sign this stipulation from all parties

2  whose signatures are indicated by a "conformed" signature (/s/) within this e-filed document.

3

                                          /s/ *Sean Marshall*
4                                      Sean Marshall

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 11 -        JOINT INTERIM CASE MANAGEMENT STATEMENT,
                                    NO. CV11-04494-EJD

5046034v.1