UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIFESCAN SCOTLAND, LTD, <br><br> Plaintiff, <br><br> v. <br><br> SHASTA TECHNOLOGIES, LLC, ET AL., <br><br> Defendants. | Case No.: 5:11-CV-04494 EJD <br><br> **ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF THE MAGISTRATE JUDGE** <br><br> **(Re: Docket No. 80)** |

Pending before the court is Defendants' motion for relief from Judge Grewal's February 16, 2012 Order on Defendants' Motion for a Protective Order. For the reasons discussed below, the motion is DENIED.

**I.     BACKGROUND**

On January 30, 2012, Conductive and Shasta filed a motion for a protective order to stay (1) the requirements that Defendants produce their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1); and (2) their obligation to respond to LifeScan's first set of requests for production. See Defs.' Am. Mot. Protective Order, Docket No. 69. On February 16, 2012, Judge Grewal issued the Order Granting-in-Part Defendant Shasta Technologies, LLC and Conductive Technologies, Inc.'s Motion for Protective Order. See Docket No. 78. The order states that:

1

Case No.: 5:11-CV-04494 EJD
ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF THE MAGISTRATE JUDGE

At the hearing, Lifescan indicated that while all the requested discovery is important, its most pressing needs are 200 product samples and the FDA file. Accordingly, while all other discovery obligations may be avoided until a ruling on the underlying motion, no later than March 1, 2012, Defendants shall produce the requested product samples and file. Until the parties are able to enter into their own stipulated protective order, this district's model stipulated protective order for litigation involving patents, highly sensitive confidential information and/or trade secrets shall apply.

2: 20-3:3.

On February 23, 2012, Conductive and Shasta filed the instant motion for relief from that order. See Docket No. 80. On February 28, 2012, this court set a briefing schedule for that motion for relief and stayed enforcement of the February 16, 2012 Order. See Order Setting Briefing Schedule, Docket No. 82. On February 29, 2012, Instacare and Pharmatech filed a notice of joinder in Conductive and Shasta's motion for relief and objections to the February 16, 2012 Order. See Docket No. 83.

## II.  LEGAL STANDARDS

### A. Review of Non-dispositive Order of the Magistrate Judge

Pursuant to Fed. R. Civ. P. 72, a district judge may set aside a magistrate judge's non-dispositive pretrial order only if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Moreover, "the magistrate judge's decision in such nondispositive matters is entitled to great deference by the district court." U.S. v. Abonce-Barrera, 257 F.3d 959, 969 (9th Cir. 2001).

### B. Protective Order

"The court may for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1). Generally, the party seeking a protective order must demonstrate that "good cause" exists by specifically demonstrating that disclosure will cause a "specific prejudice or harm." See Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1211–12 (9th Cir. 2002). Rule 26's "good cause" requirement is a heavy burden. See Blankenship v. Hearst Corp., 519 F. 2d 418, 429 (9th Cir. 1975). "Broad allegations of harm,

2

Case No.: 5:11-CV-04494 EJD
ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF THE MAGISTRATE JUDGE

unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Phillips, 307 F.3d at 1211–12.

### III. DISCUSSION

Shasta and Conductive argue that the Magistrate Judge erred in directing the production of the FDA file and Genstrips samples prior to a determination that this case is not subject to the safe harbor of 35 U.S.C. §271(e)(1) and that the order failed to consider that the expense and disclosure of Defendants' product cannot be undone once produced. Instacare and Pharmatech join in that motion and further argue that the term "FDA file" is unclear; the "FDA file" should be protected under § 271(e)(1); LifeScan has not fulfilled its own discovery obligations; and the test strips are protected from disclosure by § 271(e)(1).

Defendants have failed to cite any case indicating the magistrate judge's order was contrary to law or clearly erroneous. Shasta and Conductive rely on Eisai Co. v. Mutual Pharm. Co., No. 06-3613 (HAA), 2007 WL 4556958 (D.N.J. Dec. 20, 2007), in which the defendant appealed a magistrate judge's denial of its request to stay discovery pending disposition of its motion to dismiss the complaint. The court granted the pending motion to dismiss and thus the appeal was dismissed as moot. This order does not support an argument that the magistrate judge's denial of that stay was contrary to law or clearly erroneous. Defendants have cited no authority that a court is required to stay all discovery if a potentially dispositive motion has been filed.

Shasta's argument that the magistrate judge failed to take into consideration issues of expense and confidentiality is also unsupported. In fact, the order specifically addresses confidentiality —"Until the parties are able to enter into their own stipulated protective order, this district's model stipulated protective order for litigation involving patents, highly sensitive confidential information and/or trade secrets shall apply." Order at 3:1-3. Additionally, Shasta has presented no evidence to this court about any expense associated with the production.

Instacare and Pharmatech argue that the term "FDA file" is unclear. Shasta and Conductive, the parties who filed the motion for a protective order and argued at the hearing in which LifeScan requested the "FDA file," have raised no similar objection. Plaintiff's Document Request No. 7

3
Case No.: 5:11-CV-04494 EJD
ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF THE MAGISTRATE JUDGE

requires "[a]ll communications with the FDA concerning the Shasta GenStrip." Gelernter Decl., Exs. E, F at 4, Docket No. 75. The parties served with the request and ordered to produce the "FDA file" has not sought clarification about that term either through its motion or at the hearing in which the file was discussed. Thus, Instacare and Pharmatech has failed to show that an order to produce the FDA file is clearly erroneous.

Instacare and Pharmatech argue that the test strips and the FDA file should not be discoverable because they are protected by § 271(e)(1). They have provided no basis for their argument that the safe harbor prevents otherwise discoverable information from being produced, much less that by merely filing a motion alleging that § 271(e)(1) applies, the court cannot order that discovery continue.

Finally, Instacare and Pharmatech objects on the basis that LifeScan has not complied with its discovery obligations. It is not clear how this information is relevant to their motion for a protective order or to whether the magistrate judge's order was contrary to law or clearly erroneous.

Defendants have failed to provide any basis for their argument that the February 16, 2012 Order is contrary to law or is clearly erroneous. Accordingly,

Defendants' motion for relief from the February 16, 2012 Order therefore is DENIED. Defendants shall comply with the terms of the February 16, 2012 Order no later than August 10, 2012.

Dated: July 19, 2012

EDWARD J. DAVILA
United States District Judge

Case No.: 5:11-CV-04494 EJD
ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF THE MAGISTRATE JUDGE