United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIFESCAN SCOTLAND, LTD., ) | Case No.: C 11-04494 EJD (PSG) |
| Plaintiff, ) | **ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS** |
| v. ) | |
| SHASTA TECHNOLOGIES, LLC, ET AL., ) | **(Re: Docket No. 105)** |
| Defendants. ) | |

In this patent infringement suit, Plaintiff Lifescan Scotland, Ltd. ("Lifescan") moves for sanctions based on Defendants Shasta Technologies, LLC, Instacare Corporation, Pharmatech Solutions, Inc., and Conductive Technologies, Inc.'s (collectively, "Defendants") failure to serve adequate invalidity contentions pursuant to Pat. L.R. 3-3 and to produce documents pursuant to Pat. L.R. 3-4. Defendants oppose the motion. On August 24, 2012, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that Lifescan's motion for sanctions is GRANTED.

On May 9, 2012, the parties agreed to an order that no later than May 29, 2012, Defendants would supplement their invalidity contentions pursuant to Pat. L.R. 3-3 and produce documents pursuant to Pat. L.R. 3-4.[1] On May 29, 2012, Defendants served supplemental invalidity

---
[1] *See* Docket No. 94.

1

Case No.: C 11-04494 EJD (PSG)
ORDER

contentions. Lifescan contends, however, that Defendants nevertheless have failed to abide by the terms of the stipulation as follows:

- Defendants violated paragraph B(1) of the May 9 order and Pat. L.R. 3-4(a) by not providing any documents describing the accused product;

- Defendants violated paragraph A(1) of the May 9 order and Pat. L.R. 3-3(c) by not providing claim charts showing where each reference discloses the claim limitations;

- Defendants violated paragraph A(2) of the May 9 order and Pat. L.R. 3-3(b) by not identifying combinations of references and not providing a reason for making those combinations;

- Defendants violated paragraph A(3) of the May 9 order and Pat. L.R. 3-3(a) by not providing information about prior art products;

- Defendants violated paragraph A(4) of the May 9 order and Pat. L.R. 3-3(d) by not providing information about their contentions under 35 U.S.C. §112;

- Defendants violated Paragraph B(2) of the May 9 order and Pat. L.R. 3-4(b) by not providing publications on which they rely or samples of prior art products.

Lifescan argues that it continues to be prejudiced by Defendants' failure to comply with the May 9 order and requests that the court further order Defendants to comply within twenty days.[2] If Defendants do not, Lifescan urges preclusion sanctions. Lifescan also seeks all of its attorney's fees and costs that were incurred in filing this motion.

Defendants respond by conceding that they did not adequately supplement their invalidity contentions and documents as they agreed to do so. They argue, however, that their failure was justified because Judge Davila only recently ruled on their motion for judgment on the pleadings, the motion to stay, and the motion for relief from a non-dispositive order of the magistrate judge relating to the FDA file and sample test strips.[3] All of Defendants' motions were denied. Now that the motions have been resolved, Defendants contend that Lifescan's motion is moot because they intend to comply with their obligations to serve adequate invalidity contentions and documents.

---

[2] In a supplemental response lodged on August 21, 2012, Lifescan represents that after reviewing documents that Defendants produced on August 17, 2012, Defendants still have not produced "specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of [relevant] aspects of an accused instrumentality" pursuant to Pat. L.R. 3-4.

[3] *See* Docket Nos. 107, 108.

2

Case No.: C 11-04494 EJD (PSG)
ORDER

Defendants also argue that Lifescan's infringement contentions are incomplete – because they provided no specificity or other meaningful information regarding any of the accused products. The order denying Defendants' motion for relief from non-dispositive order of the magistrate judge required that they produce the FDA file and product samples on or before August 20, 2012. The FDA file and product samples have now been produced. Lifescan now has the opportunity to review the information and supplement its infringement contentions so that Defendants can supplement their invalidity contentions. Defendants contend that adequate infringement contentions are a condition precedent to them serving adequate invalidity contentions.3

The court is not persuaded by Defendants' excuses. The May 9 agreement was no mere deal between counsel or parties; it was an order by the presiding judge. There is no indication from the docket or otherwise that Defendants ever sought relief from the May 29 deadline. Defendants' claim that the parties awaited adjudication of potentially dispositive motions and that Lifescan's infringement contentions themselves are lacking does not justify such casual treatment of a court order. No later than September 12, 2012, Defendants shall serve their amended invalidity contentions and complete production of the documents required under Pat. L.R. 3-3 and 3-4 and the May 9 order. In addition, by that same date, Defendants shall pay the attorney's fees totaling $23,491.74 that Lifescan incurred in bringing its motion and securing relief.

**IT IS SO ORDERED.**

Dated: 8/24/2012

PAUL S. GREWAL
United States Magistrate Judge

3

Case No.: C 11-04494 EJD (PSG)
ORDER