UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIFESCAN, INC. and LIFESCAN SCOTLAND, LTD.,<br><br>    Plaintiffs,<br><br>  v.<br><br>SHASTA TECHNOLOGIES, LLC, et al.,<br><br>    Defendants. | Case No.: 5:11-CV-04494-EJD<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND; DENYING DEFENDANTS' MOTION FOR LEAVE TO AMEND AS MOOT**<br><br>**[Re: Docket Nos. 152, 154]** |

Presently before the court are Plaintiffs LifeScan, Inc. and LifeScan Scotland, Ltd.'s (collectively, "Plaintiffs") Motion for Leave to File a First Amended Complaint, and Defendants Shasta Technologies, LLC, Instacare Corp., Pharmatech Solutions, Inc., and Conductive Technologies, Inc.'s (collectively, "Defendants") Motion for Leave to File an Amended Answer. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Plaintiffs oppose Defendants' motion, and two Defendants—Instacare Corp. and Pharamtech Solutions Inc.—oppose Plaintiffs' motion. For the reasons set forth below, the court GRANTS Plaintiffs' Motion for Leave, and DENIES Defendants' Motion for Leave as moot.

**I.     Background**

This case is a patent infringement action concerning blood glucose test trips. Plaintiff Lifescan Scotland, Ltd. filed this action on September 9, 2011, alleging that Defendants infringe its U.S. Patent Nos. 6,241,862 ("the '862 patent") and 5,708,247 ("the '247 patent"). Nearly a year

1

Case No.: 5:11-CV-04494-EJD
ORDER GRANTING PLAINTIFFS' MOTION TO AMEND; DENYING DEFENDANTS'
MOTION TO AMEND AS MOOT

later, Plaintiff amended the complaint to add LifeScan, Inc. as an additional Plaintiff. Dkt. No. 134. At the time of filing, Defendants' product had not received FDA approval and as of this date still has not received approval. Thus, Defendants do not actually have any accused product on the market. This wrinkle has caused a significant amount of uncertainty in this litigation.

Prior to the present motions, the parties sought changes to the court-ordered schedule on numerous occasions. Plaintiffs have several times indicated to Defendants and this court that they have in their possession sufficient information to show that FDA approval for Defendants' product is imminent, and have raised the spectre of a motion for a preliminary injunction, including at least one request for a preliminary injunction hearing. See Dkt. Nos. 70, at 8-11; 87; 90; 124. As of this date, more than ten months after Plaintiffs first alluded to this likelihood, FDA approval has not yet been granted and Plaintiffs have not filed for a preliminary injunction.

With the possibility of a preliminary injunction motion looming over these proceedings, the court and the parties proceeded with the litigation. After initial arguments over a possible stay of discovery or stay of the case, on February 1, 2012, this court issued a scheduling order. Because of a dispute as to whether Defendants complied with the Patent Local Rules relating to their invalidity contentions, the court extended the deadlines of that initial scheduling order on May 9, 2012. Dkt. No. 94. In the same order, this court ordered that Defendants produce to Plaintiffs, inter alia, supplemental invalidity contentions and documents sufficient to show the operation of the accused product. Id. Several months later, on July 19, 2012, this court denied Defendants' Motion for Judgment on the Pleadings and Motion for Stay (Dkt. No. 108) and ordered them to produce to Plaintiffs samples of the accused product and its FDA file by August 10, 2012 (Dkt. No. 107). Defendants failed to comply with the May 9, 2012 order, and were sanctioned by Magistrate Judge Grewal on August 24, 2012. Dkt. No. 130. Defendants nominally complied with this court's July 19, 2012 order, producing test strip samples by the August 10th deadline. However the samples appear to have been expired. Therefore, under an agreement among counsel, Defendants produced new samples on September 12, 2012 along with some additional documents.

Meanwhile, because of renewed disputes about the sufficiency of the parties' infringement and invalidity contentions and document productions, this court again re-set the case schedule on August 28, 2012. See Dkt. No. 131. In that order, the court granted both parties a generous stretch of time to prepare and serve adequate amended infringement and invalidity contentions. Pointing to the late production of Defendants' samples, Plaintiffs served their amended infringement contentions fifteen days past the deadline set in the scheduling order. This court denied ex parte motions from both parties relating to this incident, leaving the scheduling order intact. Dkt. No. 151. Four days later, Plaintiffs filed the instant Motion for Leave to File a First Amended Complaint, seeking to add a claim of indirect infringement of U.S. Patent No. 7,250,105 ("the '105 patent,") and Defendants filed their Motion for Leave to File an Amended Answer, adding an affirmative defense under Section 2 of the Sherman Act, 15 U.S.C. § 2. The court now turns to the subject of these motions.

## II.  Legal Standard

Leave to amend is generally granted with liberality. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires"); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). Leave need not be granted, however, where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. Foman v. Davis, 371 U.S. 178, 182 (1962); Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994). Not all of the Rule 15 considerations are created equal; "it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "The party opposing the amendment bears the burden of showing prejudice." In re Fritz Cos. Sec. Litig., 282 F. Supp. 2d 1105, 1109 (N.D. Cal. Aug. 27. 2003) (citing DCD Programs Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987)).

## III.  Discussion

Defendants Shasta Technologies, LLC and Conductive Technologies, Inc. have not filed an opposition to Plaintiffs' motion. Accordingly, "Defendants," as used in the proceeding sections,

3
Case No.: 5:11-CV-04494-EJD
ORDER GRANTING PLAINTIFFS' MOTION TO AMEND; DENYING DEFENDANTS' MOTION TO AMEND AS MOOT

1 shall refer only to Instacare Corp. and Pharmatech Solutions, Inc. Because the court grants
2 Plaintiffs' motion, Defendants' motion is moot and the court will only address the parties'
3 arguments relating to Plaintiffs' motion.

### A. Undue Prejudice

The court begins with an examination of prejudice because it is the critical factor in deciding a motion for leave to amend. Defendants argue that a grant of leave to amend would be unduly prejudicial because the amendment would make it impossible for them to comply with the schedule set by this court. Defendants' invalidity contentions were due November 22, 2012, before the hearing on this motion, and the exchange of claim construction terms is set to occur on December 6, 2012, the day after the hearing. Given that one of these deadlines has passed and the other deadline is only one day away, Defendants are correct that they cannot possibly adequately prepare their contentions and claim construction terms while still abiding by the court's schedule. Were the court powerless to re-examine and adjust its order, Defendants would certainly be prejudiced. However, amending the schedule to prevent prejudice to a party is well within the court's authority. The court can and will provide adequate time for Defendants to respond to the newly added claim. Therefore, that Defendants would fail to meet previously set deadlines does not constitute undue prejudice in this case.

The court notes that Defendants do face some prejudice by an amendment because it adds complexity to an already impacted litigation schedule. However, much of this predicament is of the parties' own making. Each side has already caused significant delays in this case. That the resulting schedule is an aggressive one is thus attributable only to the parties' litigation conduct to date. The court therefore declines to find that this tight timeframe constitutes prejudice.

Defendants also argue that a grant of leave to amend would be unfairly prejudicial because it would "unfairly drive up the costs of litigation" by forcing them to defend against "yet another untenable legal claim." As will be discussed below, the amendment is not, on its face, futile. Considering the high likelihood that Plaintiffs would simply file a separate lawsuit covering the '105 patent in the event that the court denies this motion for leave, it appears likely that Defendants

4
Case No.: 5:11-CV-04494-EJD
ORDER GRANTING PLAINTIFFS' MOTION TO AMEND; DENYING DEFENDANTS'
MOTION TO AMEND AS MOOT

will face the expense of defending against this claim whether or not leave to amend is granted. In fact, the cost of defending an entirely new lawsuit would likely exceed the cost required to defend against this amendment. Therefore, any additional litigation expenses incurred as a result of the amendment do not constitute undue prejudice in this case.

### B. Undue Delay

Defendants contend that Plaintiffs unduly delayed filing for leave to amend their complaint. Pointing to Plaintiffs' August 22, 2012 and August 24, 2012 statements to the court indicating that Plaintiffs had obtained sufficient information to support a preliminary injunction motion concerning the '247 and the '862 patents, Defendants argue that Plaintiffs must necessarily have also obtained sufficient information regarding the possible infringement of the '105 patent. Plaintiffs argue that the August samples were out-of-date, and that they did not have satisfactory samples to analyze until mid-September 2012. Plaintiffs filed this motion on October 26, 2012, two months after Defendants contend Plaintiffs had notice of their '105 patent claims, and six weeks after Plaintiffs concede they had notice. While some delay is certainly present, it is not necessarily an "undue" delay. As discussed in the previous section, any delay is of both parties' making, and this court declines to find that this factor weighs against granting a leave to amend.

### C. Futility

Defendants argue that Plaintiffs' proposed amendment is futile, and thus must be denied. To prevail on this theory, Defendants must show that Plaintiffs' proposed amendment is "legally insufficient." See Jones v. Cmty. Redevelopment Agency, 733 F.2d 646, 650 (9th Cir. 1984). Plaintiffs' claim relies exclusively on a theory of indirect infringement. Particularly, Plaintiffs allege that Defendants induce Plaintiffs' customers to infringe the '105 patent by selling and offering to sell Shasta Genstrips, which can be used with the LifeScan Ultra® family of meters and have no substantial noninfringing use. To succeed on this claim, Plaintiffs must show at least one instance of direct infringement. See Dynacore Holdings Corp. v. U.S. Phillips Corp., 363 F.3d 1263, 1274-75 (Fed. Cir. 2004). Plaintiffs cannot make this showing, Defendants argue, because

5

Case No.: 5:11-CV-04494-EJD
ORDER GRANTING PLAINTIFFS' MOTION TO AMEND; DENYING DEFENDANTS' MOTION TO AMEND AS MOOT

customers have an implied license to use the glucose monitors in the manner claimed by Plaintiffs' patents.

Plaintiffs respond that their glucose monitors are sold in packaging that contains the following notice:

> Use of the monitoring device included here is protected under one or more of the following U.S. patents: 7,250,105…. Purchase of this device does not act to grant a use license under these patents. Such a license is granted only when the device is used with OneTouch® Ultra® Test strips.

Defendants here bear the burden of establishing the existence of an implied license. See Carborundum Co. v. Molten Metal Equip. Innovs., 72 F.3d 872, 878 (Fed. Cir. 1995). However, Defendants failed to address the above express limitation to the license found on the packaging for Plaintiffs' product in their briefing. Defendants have failed to meet their burden because they have not proven that Plaintiffs' warning does not preclude the finding of an implied license. Accordingly, Plaintiffs' amendment will not be found futile.

### D. Bad Faith

Finally, Defendants argue that leave to amend should not be granted because the amendment is brought in bad faith to perpetuate an "illegal monopoly." Dkt. No. 160 at 8. Defendants' argument focuses primarily on Plaintiffs' unexplained delay in filing for this amendment. As discussed in previous sections, the court does not find this argument compelling given the circumstances of this case.

### IV. Order

Based on the foregoing:

1. Plaintiff's Motion for Leave to File a First Amended Complaint is GRANTED. Plaintiffs shall file the First Amended Complaint as a separate docket entry on PACER/ECF no later than **December 10, 2012**.
2. By **December 14, 2012**, the parties shall submit a joint proposal stipulating to dates for the following deadlines:

6
Case No.: 5:11-CV-04494-EJD
ORDER GRANTING PLAINTIFFS' MOTION TO AMEND; DENYING DEFENDANTS' MOTION TO AMEND AS MOOT

     a. Plaintiffs' production of documents to support their '105 patent infringement contentions, pursuant to Local Rule 3-2

     b. Defendants' invalidity contentions as to the '105 patent

     c. Exchange of claim construction terms for the '105 patent

     d. Exchange of preliminary claim constructions and extrinsic evidence for identified terms in the '105 patent

3. The parties must abide by the remaining deadlines in this court's scheduling order, including those governing the '862 and '247 patents, claim construction, and dispositive motions.

4. Defendants' Motion to Amend their Answer is DENIED as moot.

**IT IS SO ORDERED**

Dated: December 5, 2012

                                           _____
                                           EDWARD J. DAVILA
                                           United States District Judge

7

Case No.: 5:11-CV-04494-EJD
ORDER GRANTING PLAINTIFFS' MOTION TO AMEND; DENYING DEFENDANTS' MOTION TO AMEND AS MOOT