UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIFESCAN, INC. and LIFESCAN SCOTLAND, LTD.,<br><br>    Plaintiffs,<br><br>v.<br><br>SHASTA TECHNOLOGIES, LLC, INSTACARE CORP., PHARMATECH SOLUTIONS, INC., and CONDUCTIVE TECHNOLOGIES, INC.,<br><br>    Defendants. | Case No.: 5:11-CV-04494-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STAY**<br><br>[Re: Docket No. 175] |

Presently before the court is Defendants Shasta Technologies, LLC ("Shasta"), Instacare Corp. ("Instacare"), Pharmatech Solutions, Inc. ("Pharmatech"), and Conductive Technologies, Inc.'s ("Conductive") (collectively, "Defendants") Motion to Stay Pending Reexamination of U.S Patent Nos. 6,241,862 ("the '862 patent") and 5,708,247 ("the '247 patent"). The court found this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and previously vacated the hearing. Having fully reviewed the parties' briefing, and for the reasons set forth below, the court GRANTS in part and DENIES in part Defendants' Motion to Stay.

**I.  BACKGROUND**

The facts of this case are well known to the parties, and sufficiently recited in the court's prior orders. Therefore, the court repeats the facts only to the extent they are applicable to the instant motion. Plaintiff LifeScan Scotland, Ltd. filed this suit on September 9, 2011, alleging infringement of its U.S. Patent Nos. 6,241,862 ("the '862 patent") and 5,708,247 ("the '247

1
Case No.: 5:11-CV-04494-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STAY

patent"). Dkt. No. 1. Nearly a year later, LifeScan Scotland amended the complaint to add LifeScan, Inc. as an additional Plaintiff. Dkt. No. 134. On September 12, 2012, Pharmatech filed a request for ex parte reexamination of the '247 and the '862 patents, and the next day filed a request for ex parte reexamination of Plaintiffs' U.S. Patent No. 5,951,836, which is related to the '247 and '862 patents. The Patent and Trademark Office ("PTO") granted these requests on November 19, 2012, finding substantial new questions of patentability with respect to multiple claims in these patents, including all but one of these patents' claims at issue in this litigation. See Dkt. No. 175. On December 5, 2012, the court granted Plaintiffs leave to amend their complaint (Dkt. No. 169), and on December 10, 2012, Plaintiffs filed their amended complaint, adding a claim for indirect infringement of their U.S. Patent No. 7,250,105 ("the '105 patent") (Dkt. No. 170). Defendants now seek a stay pending resolution of the reexamination proceedings.

## II. LEGAL STANDARD

"Any person at any time may file a request for reexamination by the [PTO] of any claim of a patent on the basis of any prior art" consisting of patents or printed publications. 35 U.S.C. § 302 (amended 2011). "The stay of pending litigation to enable PTO review of contested patents was one of the specified purposes of the reexamination legislation." Patlex Corp. v. Mossinghoff, 758 F.2d 594, 606, aff'd on reh 'g, 771 F.2d 480 (Fed. Cir. 1985). "Patent validity is a commonly asserted defense in litigation and courts are cognizant of Congress's intention of utilizing the PTO's specialized expertise to reduce costly and timely litigation." Canady v. Erbe Elektromedizin GmBH and Erbe U.S.A., 271 F.Supp.2d 64, 78 (D.D.C. 2002) (citation omitted).

A stay is within the discretion of the court. See Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."). A court may grant a motion to stay "in order to avoid inconsistent results, narrow the issues, obtain guidance from the PTO, or simply to avoid the needless waste of judicial resources, especially if the evidence suggests that the patents-in-suit will not survive reexamination." MercExchange, L.L.C. v. eBay, Inc., 500 F.Supp.2d 556, 563 (E.D. Va. 2007). In this district, "there is a liberal

2

Case No.: 5:11-CV-04494-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STAY

policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings," (ASCII Corp. v. STD Entm't USA, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994)), though some courts have begun to rethink that policy in recent years (see, e.g., Network Appliance Inc. v. Sun Microsystems Inc., No. 07-CV-06053, 2008 WL 2168917, at *3 (N.D.Cal. May 23, 2008)).

Courts consider three main factors in determining whether to stay a case pending reexamination: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." Telemac Corp. v. Teledigital, Inc., 450 F.Supp.2d 1107, 1111 (N.D. Cal. 2006) (citation omitted).

### III. DISCUSSION

#### a. Stage of Proceedings

The early stage of a litigation weighs in favor of a stay pending reexamination. See Target Therapeutics, Inc. v. SciMed Life Sys. Inc., 33 U.S.P.Q.2d 2022, 2023 (N.D. Cal. 1995). This element of the stay analysis focuses on the stage of litigation proceedings, not the length of time that has passed since the filing of the case. See Convergence Tech. (USA), LLC v. Microloops Corp., No. 5:10-CV-02051, 2012 WL 1232187, at *4 (N.D. Cal. April 12, 2012) (finding that a case that was over two years old had not reached the "point of no return" because, though discovery was ongoing, the court had not yet heard claim construction and no trial date had been set). The distinction is an important one here, where the case was filed more than a year ago, but the parties have not progressed to the later stages of litigation. In this case, discovery is underway but only moderate progress has been made—no depositions have been taken and document production is ongoing. The court has only recently heard the parties' arguments as to Plaintiffs' Motion for Preliminary Injunction. See Dkt. No. 176. The parties have filed an opening claim construction brief, but the court has not held a tutorial or a claim construction hearing. Close of discovery is three months away, close of expert discovery is seven months away, and the

dispositive motion filing deadline is ten months away.  No trial date has been set.  Given the status of the litigation, the court finds that this first factor weighs moderately in favor of a stay.

### b. Simplification of Issues

"[W]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims."  Target Therapeutics, 33 U.S.P.Q.2d at 2023.  The pending reexaminations deal directly with two of the patents-in-suit and nearly all of the claims at issue.  However, the reexamination does not cover the '105 patent, which is major component of this litigation and the subject of Plaintiffs' Motion for Preliminary Injunction.  While the court certainly stands to benefit from the PTO's guidance as to the scope and validity of the '247 and the '862 patents, it is not convinced that reexamination would provide any substantial benefit to the evaluation of the issues related to the '105 patent.  The court recognizes that a "purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is cancelled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding), and so finds that this factor weighs heavily in favor of a stay as to the '247 and '862 patents, but weighs against a stay as to the '105 patent.  AT&T Intellectual Prop. v. Tivo, Inc., 774 F. Supp. 2d 1049, 1051 (N.D. Cal. 2011) (citing Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983).

### c. Undue Prejudice

Plaintiffs argue that they will be unduly prejudiced by a stay in this case because the ex parte reexamination process can take more than two years to complete, and because they stand to lose significant market share and suffer injury to their goodwill in the interim.  The delay inherent to the reexamination process does not generally, by itself, constitute undue prejudice.  Telemac Corp. v. Teledigital, Inc., 450 F.Supp.2d 1107, 1111 (N.D. Cal. 2006).  However, Plaintiffs here do not rely on delay alone.  Rather, they argue that because Defendants' entire business is based on selling a nearly identical copy of Plaintiffs' test strips for use only in Plaintiffs' meters, the competitive injury during the litigation, let alone the pendency of the reexamination, would be

4

Case No.: 5:11-CV-04494-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STAY

egregious. The court agrees in part. Should the court stay this litigation in its entirety, Plaintiffs would be deprived of their opportunity to receive preliminary injunctive relief to prevent such great harm to their business, even if they could adequately prove the likelihood that Defendants infringe their patents. However, Plaintiffs seek a preliminary injunction only based on the '105 patent— the patent that is not subject to reexamination. Therefore, the undue prejudice to Plaintiffs would be greatest if the court were to stay as to the '105 patent. Plaintiffs have not presented as compelling an argument of harm should the court choose to stay this case only as to the patents subject to reexamination. Thus, the court finds that this factor is neutral as to those patents, but weighs against a stay as to the '105 patent.

## IV.     CONCLUSION

For the foregoing reasons, the court GRANTS in part Defendants' Motion to Stay. This action is stayed as to the '247 and '862 patents pending final exhaustion of the patent reexamination proceedings, including any appeals. Defendants' Motion to Stay is DENIED as to the '105 patent, and that litigation shall proceed as set forth in the court's scheduling Order. See Dkt. No. 131. The parties shall submit a joint status report apprising the court of the status of the reexamination proceedings on September 20, 2013, and every six months thereafter. The parties shall further provide notice to the court within one week of final exhaustion of all patent reexamination proceedings, including appeals.

**IT IS SO ORDERED**

Dated: March 19, 2013

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:11-CV-04494-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STAY