United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIFESCAN, INC. and LIFESCAN SCOTLAND, LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>SHASTA TECHNOLOGIES, LLC, INSTACARE CORP., PHARMATECH SOLUTIONS, INC., and CONDUCTIVE TECHNOLOGIES, INC.,<br><br>Defendants. | Case No.: 5:11-CV-04494-EJD<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STAY AND SUSPEND THE PRELIMINARY INJUNCTION ORDER PENDING APPEAL AND SETTING BOND**<br><br>**[Re: Docket Nos. 256, 269, 273]** |

Presently before the court in this patent infringement action is Defendants Shasta Technologies, LLC ("Shasta"), Instacare Corp. ("Instacare"), Pharmatech Solutions, Inc. ("Pharmatech"), and Conductive Technologies, Inc.'s ("Conductive") (collectively, "Defendants") Motion to Stay and Suspend the March 19, 2013 Preliminary Injunction Pending Appeal or, Alternatively, Pending Decision by Federal Circuit on Stay Pending Appeal. Dkt. No. 256. Also before the court are the parties' briefs regarding the appropriate amount of bond. Dkt. Nos. 269, 273.

Having fully reviewed the parties' briefing, the court concludes that a stay is not warranted. The court acknowledges that its Order granting the preliminary injunction addressed a novel question of law; however, that fact, without more, is insufficient to compel the court to grant a stay. The four factors the court must consider in deciding whether to grant a stay mirror the four factors the court considered in its Order granting the preliminary injunction. See Hilton v. Braunskill, 481

United States District Court
For the Northern District of California

U.S. 770, 776 (1987). For the same reasons as set forth in that Order, the court finds that each factor weighs in favor of Plaintiffs. Moreover, the balance of equities still tips in Plaintiffs' favor notwithstanding the new evidence and argument suggesting that several defendants may be forced into bankruptcy absent a stay. See Apple Inc. v. Samsung Elec. Co., Ltd., No. 12-CV-00630, 2012 U.S. Dist. Lexis 92314, at *7 (N.D. Cal. July 3, 2012) (finding that the defendant "assumed the risk of facing disruptions to their business practices by building their promotional schemes on a product that has been the subject of a pending preliminary injunction motion").

Additionally, the only sale Defendants made in 2013 appears to have occurred on March 26, 2013—one week after this court's Order granting the preliminary injunction. See Declaration of Sean Marshall Ex. B, Dkt. No. 270-1. The status quo in this case thus appears to be best maintained by keeping Defendants' test strips off the market. See Atlas Powder Co. v. Ireco Chems., 773 F.2d 1230, 1232 (Fed. Cir. 1985) (finding that "the purpose of a preliminary injunction is to preserve that state of affairs existing immediately before the filing of the litigation" and so even though the defendant had "allowed itself to become excessively dependent upon infringing sales the status quo catchword does not necessarily allow it to continue such dependence") (internal citation omitted).

Accordingly, the court DENIES Defendants' Motion to Stay. Plaintiffs are ORDERED to post bond in the amount of $12.7 million. The court's Order Granting Plaintiffs' Motion for Preliminary Injunction, Dkt. No. 246, shall become effective upon posting of the bond in accordance with L.R. 65.1-1.

**IT IS SO ORDERED**

Dated: April 9, 2013

EDWARD J. DAVILA
United States District Judge