UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFESCAN SCOTLAND, LTD., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SHASTA TECHNOLOGIES, LLC, et al.,<br><br>Defendants. | Case No.   11-cv-04494-WHO<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER TO ASSERT ADDITIONAL COUNTERCLAIMS**<br><br>Re: Dkt. No. 323 |

## INTRODUCTION

Defendants Decision Diagnostics Corp. and PharmaTech Solutions, Inc. (the "moving defendants") have filed a motion for leave to amend their answer to assert additional counterclaims against plaintiffs LifeScan, Inc. and LifeScan Scotland, Ltd. ("LifeScan"). For the reasons stated below, the Court grants the motion.

## BACKGROUND

LifeScan owns various patents related to blood glucose testing, targeted at people with diabetes. LifeScan has developed and sells various products practicing its patents, including OneTouch Ultra glucose monitors and OneTouch Ultra test strips designed for use with the monitors. LifeScan asserts that defendants Shasta Technologies, LLC, Decision Diagnostics Corp., PharmaTech Solutions, Inc. and Conductive Technologies, Inc. have made and distributed an infringing test strip, marketed as the GenStrip.[1]

This action was instituted on September 9, 2011, asserting infringement of U.S. Patent Nos. 5,708,247 (the "'247 Patent") and 6,241,862 (the "'862 Patent"). Dkt. No. 1. On August 24, 2012, the Court entered a Patent Scheduling Order, including a deadline for amendments to the pleadings that expired sixty days after the order, on October 23, 2012. Dkt. No. 131 at 2. On December 5, 2012, the Court granted LifeScan leave to file a First Amended Complaint, adding

---

[1] Only defendants Decision Diagnostics Corp. and PharmaTech Solutions, Inc. are parties to the present motion for leave to amend.

1  claims for infringement of U.S. Patent No. 7,250,105 (the "'105 Patent"). Dkt. No. 169. The
2  FAC was filed on December 10, 2012. Dkt. No. 170.

3  On March 28, 2013 and April 2, 2013, all of the defendants, including the moving
4  defendants, filed counterclaims for violation of Sections 1 and 2 of the Sherman Act. Dkt. Nos.
5  258, 265. The defendants allege that LifeScan illegally used its market power to preclude
6  competition from the test strip designed, manufactured and distributed by the defendants.

7  On November 19, 2012, the Patent and Trademark Office granted the defendants' request
8  to reexamine the validity of the '247 and '862 Patents. Consequently, on March 19, 2013, the
9  Court stayed this action as to the '247 and '862 Patents pending conclusion of the reexamination
10 proceedings, including any appeals. Dkt. No. 245. On May 6, 2013, the Court endorsed the
11 parties' stipulation to stay all fact and expert discovery relating to damages and willfulness
12 regarding the '105 Patent and to the defendants' antitrust defense and counterclaims pending
13 resolution of the liability issues. Dkt. No. 294.

14 On August 15, 2013, the Patent and Trademark Office began an *inter partes review* of the
15 '105 Patent and the following day the defendants moved to stay the case pending the conclusion of
16 that review. Dkt. No. 332. On August 29, 2013, the parties stipulated to extend LifeScan's
17 response to the motion to stay from August 30, 2013 until September 13, 2013, and to continue the
18 hearing on the motion from September 25, 2013 until October 9, 2013, "while they attempt to
19 resolve amongst themselves the issues raised by the Stay Motion." The Court endorsed the
20 stipulation the following day. Dkt. No. 339.

21 As a result, all discovery related to the '247 and '862 patents, to damages and willfulness
22 as to the '105 Patent, and to the defendants' counterclaims, is stayed. Only the liability issue as to
23 the '105 Patent is proceeding, but the defendants recently moved to stay that as well.

24 **LEGAL STANDARD**

25 Leave to amend pleadings after the date set for amendment in a scheduling order is
26 governed by Federal Rule of Civil Procedure 16(b) and requires a showing of good cause.
27 *Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992) ("Once the district
28 court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which

1  established a timetable for amending pleadings[,] that rule's standards controlled.").

2  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment . . . . If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609 (citation omitted).  Although the focus of the inquiry is upon the moving party's diligence and reasons for seeking the modification, "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion." *Id.*

**DISCUSSION**

LifeScan argues that the moving defendants' motion for leave to amend their answer and counterclaims should be denied because 1) the motion was filed nine months after the October 23, 2013 deadline set by the Court for amending pleadings and the moving defendants cannot demonstrate diligence in failing to move earlier and 2) the proposed amendment would prejudice LifeScan.[2]  This Order disagrees.

**A. Diligence**

The moving defendants assert that recent deposition testimony in this matter forms the basis for their proposed amended counterclaims.  Dkt. No. 333-2 at 3, 6.  LifeScan counters that the moving defendants already knew the same facts elicited at the deposition and relied on those facts "in its public statements about the comparative efficacy" of the parties' respective products.  Dkt. No. 327 at 15.  LifeScan thus concludes that the moving defendants have "no excuse for not acting earlier if [they] wished to press exactly the same claim [as was stated in their public statements] in litigation." *Id*.

On this record, it is unclear whether the moving defendants had sufficient evidence to back up their suspicions about the comparative efficacy of the parties' respective products by October

---

[2] The Court is not persuaded that the defendants have a dilatory motive for moving for leave to amend.  In addition, the Court does not agree with LifeScan that the defendants' proposed counterclaims properly belong in another case between the parties pending before the Court, if anywhere.  As the defendants point out, it is not clear that under the Protective Order they can use the relevant evidence obtained in this case in support of its counterclaims in a different case.  In any event, if the requirements for granting leave to amend are met, it is of no moment that there is another case pending between the parties where LifeScan may prefer to confront the proposed counterclaims.

3

2012, but there is no doubt that they moved diligently to amend their counterclaims after receiving the pertinent deposition testimony which supports the basis for their proposed counterclaims. It is entirely plausible that the moving defendants lacked enough evidence to support their proposed counterclaims until the deposition. Under LifeScan's argument, a party would be obligated to bring counterclaims as soon as it suspects actionable conduct, even if the party lacks a sufficient evidentiary basis to state a claim, or risk forfeiting the right to do so. Such an obligation would be contrary to the requirement in Federal Rule of Civil Procedure 11 that all factual contentions have evidentiary support. Based on this record, the Court will not find that the defendants were not diligent in making their motion to amend.

## B. Prejudice

LifeScan asserts that granting the defendants leave to file an amended answer and counterclaims would cause it prejudice because "[f]act discovery concerning the '105 patent has ended; expert discovery will end on October 7, 2013; and the case will be ready for trial in early 2014." Dkt. No. 327 at 16. Consequently, argues LifeScan, "[a]dding the proposed counterclaims at this late stage would require reopening fact and expert discovery, and would make it impossible for this case to be tried in early 2014, when it otherwise would be ready for trial. The resulting delay would severely prejudice LifeScan." *Id*.

LifeScan's argument is belied by the record. LifeScan asserts that the case will be ready for trial in early 2014. But no trial date has been set. More importantly, the case has been stayed as to two of the three patents in suit and the defendants' existing counterclaims, as well as damages and willfulness issues as to the '105 Patent. Only liability issues regarding the '105 Patent are currently proceeding, and those are subject to a pending motion to stay while the Patent and Trademark Office conducts an *inter partes review* of that patent. Whether or not the liability issues as to the '105 Patent are stayed as well, the majority of LifeScan's claims and all of the defendants' counterclaims are already stayed, and significant discovery remains to be conducted. Accordingly, the Court finds that LifeScan will not be unduly prejudiced by the addition of defendants' proposed counterclaims.

That is especially true in light of the defendants' offer to stay their proposed counterclaims

4

so that they can proceed on the same schedule as the pre-existing—and stayed—counterclaims. Dkt. No. 333-2 at 5 n.3. LifeScan maintains that granting leave to amend would still be prejudicial, because doing so would "put a cloud over LifeScan's advertising" until the allegations are resolved. *Id*. at 17 (citation and punctuation omitted). The Court does not agree. LifeScan has already stipulated to stay the pending counterclaims in this case, apparently concluding that the benefits of a stay outweigh the effect of whatever cloud those claims place over it. In any event, having chosen to file this suit against the defendants, LifeScan's complaint that the proposed counterclaims harm its marketing efforts is not compelling.

### C. Good Cause

The moving defendants have demonstrated their diligence in moving for leave to amend their pleadings after receiving the deposition testimony which supports the basis for their proposed counterclaims. LifeScan's opposition is insufficient for the Court to determine that the moving defendants' failure to do so prior to receiving the deposition testimony demonstrates a lack of diligence. Moreover, LifeScan will not be prejudiced by granting leave to amend as the majority of the case is stayed and significant discovery remains to be conducted. Accordingly, the moving defendants have adequately demonstrated good cause for the Court to grant leave to amend their answer to assert additional counterclaims.

## CONCLUSION

Defendants Decision Diagnostics Corp.'s and PharmaTech Solutions, Inc.'s motion for leave to amend their answer to assert additional counterclaims (Dkt. No. 323) is GRANTED. The defendants shall file the amended answer and counterclaims as a separate docket entry.

**IT IS SO ORDERED**.

Dated: September 6, 2013

WILLIAM H. ORRICK
United States District Judge