Gregory L. Diskant (admitted *pro hac vice*)
Eugene M. Gelernter (admitted *pro hac vice*)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas New York, NY 10036
Telephone: (212) 336-2000 Facsimile: (212) 336-2222
E-mail:  gldiskant@pbwt.com
         emgelernter@pbwt.com

Charles D. Hoffmann (admitted *pro hac vice*)
Sean Marshall (admitted *pro hac vice*)
HOFFMANN MARSHALL STRONG LLP
116 West 23rd Street, Suite 500
New York, NY  10011
Telephone:  (212) 851-8403
Facsimile:  (646) 741-4502
E-mail:  charlie@hmscounsel.com
         sean@hmscounsel.com

Susan Roeder (S.B. #160897)
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, CA 94025
Telephone: (650) 473-2600 Facsimile: (650) 473-2601
E-Mail:  sroeder@omm.com

Attorneys for Plaintiffs
LIFESCAN, INC. and LIFESCAN SCOTLAND, LTD.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE**

| | |
|---|---|
| LIFESCAN, INC. and LIFESCAN SCOTLAND, LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>SHASTA TECHNOLOGIES, LLC, DECISION DIAGNOSTICS CORP., PHARMATECH SOLUTIONS, INC., and CONDUCTIVE TECHNOLOGIES, INC.,<br><br>Defendants. | Case No. CV11-04494-WHO<br>**LIFESCAN'S ANSWER TO PHARMATECH SOLUTIONS, INC. AND DECISION DIAGNOSTICS CORP.'S AMENDED COUNTERCLAIMS** |

LifeScan, Inc. and LifeScan Scotland, Ltd. (collectively, "LifeScan) respectfully submit this response to PharmaTech Solutions, Inc. ("PharmaTech") and Decision Diagnostics, Corp.'s ("DDC") (collectively, "Defendants") amended counterclaims. LifeScan denies each and every allegation in Defendants' counterclaims that is not specifically admitted herein. LifeScan responds to the counterclaims as follows:

1. LifeScan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1, except admits that Defendant DDC was formerly known as InstaCare Corp.

2. LifeScan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2.

3. LifeScan denies the allegations of Paragraph 3, except admits that LifeScan, Inc. is a corporation organized under the laws of the State of California having its headquarters and principal place of business at 1000 Gibraltar Drive, Milipitas, California 95035, and refers to the Complaint in the separate false advertising action in the Northern District of California, *LifeScan, Inc. v. Shasta Technologies, LLC*, No. 12-CV-6360 (JST), D.E. 1 (the "Lanham Act Complaint") cited in footnote 1 to Paragraph 3, for its contents.

4. LifeScan admits the allegations of Paragraph 4.

5. LifeScan denies the allegations of Paragraph 5, except admits that LifeScan, Inc. is a subsidiary of Johnson & Johnson.

6. LifeScan denies the allegations of Paragraph 6, except admits that Defendants purport to assert counterclaims under Section 1 and 2 of the Sherman Act and Section 43(a) of the Lanham Act, and that the Court has jurisdiction over these counterclaims.

7. LifeScan denies the allegations of Paragraph 7, except admits that venue for Defendants' counterclaims lies in the Northern District of California.

8. LifeScan denies the allegations of Paragraph 8.

9. LifeScan denies the allegations of Paragraph 9, except that it refers to the Lanham Act Complaint for its contents.

2

LIFESCAN'S ANSWER TO AMENDED COUNTERCLAIMS


10. LifeScan denies the allegations of Paragraph 10.

11. LifeScan denies the allegations of Paragraph 11, except admits that Defendants have received FDA clearance to market the GenStrip, that the GenStrip competes with LifeScan's OneTouch Ultra test strips, and that Defendants purport to bring counterclaims under the antitrust laws.

12. LifeScan denies the allegations of Paragraph 12.

13. LifeScan denies the allegations of Paragraph 13, except that it refers to the Lanham Act Complaint for its contents.

14. LifeScan denies the allegations of Paragraph 14.

15. LifeScan denies the allegations of Paragraph 15.

16. LifeScan denies the allegations of Paragraph 16, except that it refers to the Lanham Act Complaint for its contents.

17. LifeScan denies the allegations of Paragraph 17.

18. LifeScan denies the allegations of Paragraph 18, except that it refers to the Lanham Act Complaint for its contents.

19. LifeScan denies the allegations of Paragraph 19.

20. LifeScan denies the allegations of Paragraph 20, except admits that the FDA has stated that the GenStrip is "substantially equivalent . . . to legally marketed predicate devices."

21. LifeScan denies the allegations of Paragraph 21.

22. LifeScan denies the allegations of Paragraph 22.

23. LifeScan denies the allegations of Paragraph 23.

24. LifeScan denies the allegations of Paragraph 24, except that it refers to its Motion for a Preliminary Injunction, D.E. 176, for its contents.

25. LifeScan denies the allegations of Paragraph 25, except that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning "one pharmaceutical executive," and admits that its revenues for blood glucose monitoring systems come

1  primarily from sales of its proprietary test strips and that many consumers receive blood glucose
2  meters for free or below cost.
3      26.   LifeScan denies the allegations of Paragraph 26.
4      27.   Paragraph 27 asserts legal conclusions to which no response is required.
5      28.   Paragraph 28 asserts legal conclusions to which no response is required.
6      29.   LifeScan denies the allegations of Paragraph 29.
7      30.   LifeScan denies the allegations of Paragraph 30, except states that Paragraph 30 asserts
8  legal conclusions to which no response is required.
9      31.   LifeScan denies the allegations of Paragraph 31.
10     32.   LifeScan denies the allegations of Paragraph 32, except admits that at least some
11 packages for its OneTouch blood glucose meters include the following language: "Use of the
12 monitoring device included here is protected under one or more of the following U.S. patents: . . .
13 7,250,105 . . . Purchase of this device does not grant a use license under these patents.  Such a license
14 is granted only when the device is used with OneTouch® Ultra® test strips."
15     33.   LifeScan denies the allegations of Paragraph 33.
16     34.   LifeScan denies the allegations of Paragraph 34, except states that Paragraph 34 asserts
17 legal conclusions as to which no response is required.
18     35.   LifeScan denies the allegations of Paragraph 35, except states that Paragraph 35 asserts
19 legal conclusions to which no response is required.
20     36.   LifeScan denies the allegations of Paragraph 36.
21     37.   LifeScan denies the allegations of Paragraph 37.
22     38.   LifeScan denies the allegations of Paragraph 38, except admits that the First Amended
23 Complaint, alleges, *inter alia*, that the GenStrip directly infringes U.S. Patent Nos. 5,708,247 (the
24 "'247 Patent"), and 6,241,862 (the "'862 Patent") and admits that the '247 and '862 Patents are
25 directed, *inter alia*, to the composition of the test strip.
26     39.   LifeScan denies the allegations of Paragraph 39.
27
28

40. LifeScan denies the allegations of Paragraph 40, except that it refers to its Complaint, D.E. 1, for its contents.

41. LifeScan denies the allegations of Paragraph 41.

42. LifeScan denies the allegations of Paragraph 42, except that it refers to the Lanham Act Complaint for its contents.

43. LifeScan denies the allegations of Paragraph 43, except admits that at least some packages for the GenStrip include a disclaimer.

44. LifeScan denies the allegations of Paragraph 44.

45. LifeScan denies the allegations of Paragraph 45.

46. LifeScan denies the allegations of Paragraph 46, except admits that it advertises its DoubleSure technology.

47. LifeScan denies the allegations of Paragraph 47, except admits that the GenStrip competes with LifeScan's OneTouch Ultra test strips.

48. LifeScan denies the allegations of Paragraph 48.

49. LifeScan denies the allegations of Paragraph 49, except admits that LifeScan has advertised OneTouch Ultra test strips' DoubleSure technology, and refers to the advertisement cited in Paragraph 49 of Defendants' counterclaims for its contents.

50. LifeScan denies the allegations of Paragraph 50, refers to the advertisement cited in Paragraph 49 of Defendants' counterclaims for its contents, and refers to the complete version of the advertisement excerpted in Paragraph 50 of Defendants' counterclaims for its contents. A complete version of the advertisement excerpted in Paragraph 50 is attached hereto as Exhibit A.

51. LifeScan denies the allegations of Paragraph 51.

52. LifeScan denies the allegations of Paragraph 52.

53. LifeScan denies the allegations of Paragraph 53.

54. LifeScan denies the allegations of Paragraph 54.

**DEFENDANTS' FIRST COUNTERCLAIM**

55. LifeScan repeats and re-alleges its responses to Paragraphs 1 through 54 as if set forth here in full.

56. Paragraph 56 asserts a legal conclusion to which no response is required.

57. LifeScan denies the allegations of Paragraph 57.

58. LifeScan denies the allegations of Paragraph 58.

59. LifeScan denies the allegations of Paragraph 59.

60. LifeScan denies the allegations of Paragraph 60.

61. LifeScan denies the allegations of Paragraph 61.

**DEFENDANTS' SECOND COUNTERCLAIM**

62. LifeScan repeats and re-alleges its responses to Paragraphs 1 through 61 as if set forth here in full.

63. Paragraph 63 asserts a legal conclusion to which no response is required.

64. LifeScan denies the allegations of Paragraph 64.

65. LifeScan denies the allegations of Paragraph 65, except states that Paragraph 65 asserts a legal conclusion to which no response is required.

66. LifeScan denies the allegations of Paragraph 66.

67. LifeScan denies the allegations of Paragraph 67.

68. LifeScan denies the allegations of Paragraph 68.

69. LifeScan denies the allegations of Paragraph 69.

**DEFENDANTS' THIRD COUNTERCLAIM**

70. LifeScan repeats and re-alleges its responses to Paragraphs 1 through 69 as if set forth here in full.

71. LifeScan denies the allegations of Paragraph 71.

72. LifeScan denies the allegations of Paragraph 72.

73. LifeScan denies the allegations of Paragraph 73.

74. LifeScan denies the allegations of Paragraph 74.

1   75.   LifeScan denies the allegations of Paragraph 75.

2   76.   LifeScan denies the allegations of Paragraph 76.

3   **DEFENDANTS' FOURTH COUNTERCLAIM**

4   77.   LifeScan repeats and re-alleges its responses to Paragraphs 1 through 76 as if set
5   forth here in full.

6   78.   LifeScan denies the allegations of Paragraph 78.

7   79.   LifeScan denies the allegations of Paragraph 79.

8   80.   LifeScan denies the allegations of Paragraph 80.

9   81.   LifeScan denies the allegations of Paragraph 81.

10  82.   LifeScan denies the allegations of Paragraph 82.

11  83.   LifeScan denies the allegations of Paragraph 83.

12  **DEFENDANTS' FIFTH COUNTERCLAIM**

13  84.   LifeScan repeats and re-alleges its responses to Paragraphs 1 through 83 as if set
14  forth here in full.

15  85.   LifeScan denies the allegations of Paragraph 85.

16  86.   LifeScan denies the allegations of Paragraph 86.

17  87.   LifeScan denies the allegations of Paragraph 87.

18  88.   LifeScan denies the allegations of Paragraph 88.

19  89.   LifeScan denies the allegations of Paragraph 89.

20  **DEFENDANTS' SIXTH COUNTERCLAIM**

21  90.   LifeScan repeats and re-alleges its responses to Paragraphs 1 through 89 as if set
22  forth here in full.

23  91.   LifeScan denies the allegations of Paragraph 91.

24  92.   LifeScan denies the allegations of Paragraph 92.

25  93.   LifeScan denies the allegations of Paragraph 93.

26  94.   LifeScan denies the allegations of Paragraph 94.

27  95.   LifeScan denies the allegations of Paragraph 95.

28

96. LifeScan denies the allegations of Paragraph 96.

## ADDITIONAL DEFENSES

### FIRST ADDITIONAL DEFENSE

97. Defendants' counterclaims fail to state claims against LifeScan upon which relief may be granted.

### SECOND ADDITIONAL DEFENSE

98. Defendants have not suffered, and will not suffer, injury of the type that the antitrust laws were designed to prevent, or any other injury to a legally cognizable interest, by reason of the conduct alleged in Defendants' counterclaims.

### THIRD ADDITIONAL DEFENSE

99. At all times, LifeScan has acted in good faith in furtherance of its legitimate business interests and has caused no injury to competition, the public, or Defendants.

### FOURTH ADDITIONAL DEFENSE

100. LifeScan's conduct is protected under the *Noerr-Pennington* doctrine and/or otherwise under the Constitution of the United States.

### FIFTH ADDITIONAL DEFENSE

101. Defendants' counterclaims fail to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

### SIXTH ADDITIONAL DEFENSE

102. Defendants have not suffered injury or damages by reason of any act or omission by LifeScan.

### SEVENTH ADDITIONAL DEFENSE

103. Defendants' claims are barred, in whole or in part, because Defendants failed to mitigate their damages.

### EIGHTH ADDITIONAL DEFENSE

104. Any injuries, losses, or damages suffered by Defendants were proximately caused by its own actions regardless of whether contributory, negligent, incompetent, careless, or reckless.

**NINTH ADDITIONAL DEFENSE**

105. Defendants' claims are barred, in whole or in part, because its alleged damages, if any, are speculative.

**TENTH ADDITIONAL DEFENSE**

106. LifeScan does not maintain monopoly power in any relevant market.

**ELEVENTH ADDITIONAL DEFENSE**

107. Defendants' claims are barred, in whole or in part, under the doctrine of laches.

**TWELFTH ADDITIONAL DEFENSE**

108. Defendants' claims are barred, in whole or in part, by the applicable statutes of limitations.

**THIRTEENTH ADDITIONAL DEFENSE**

109. To the extent the counterclaims seeks equitable relief, Defendants are not entitled to such relief because there is an adequate remedy at law.

**FOURTEENTH ADDITIONAL DEFENSE**

110. Defendants' claims are barred, in whole or in part, because certain of the allegedly deceptive statements were such that no reasonable person could have reasonably relied upon or misunderstood them as claims of fact.

**FIFTEENTH ADDITIONAL DEFENSE**

111. Defendants' claims are barred, in whole or in part, because Defendants have no facts to prove the requisite oppression, fraud, or malice required for an award of punitive or exemplary damages.

**SIXTEENTH ADDITIONAL DEFENSE**

112. Defendants' claims are barred, in whole or in part, because any award of punitive or exemplary damages would violate the due process and/or equal protection clauses of the California and United States constitutions.

**SEVENTEENTH ADDITIONAL DEFENSE**

113. Defendants' claims are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTEENTH ADDITIONAL DEFENSE

114. Defendants' claims are barred, in whole or in part, by the First Amendment of the United States Constitution.

## NINETEENTH ADDITIONAL DEFENSE

115. Defendants' claims are barred, in whole or in part, because LifeScan did not publish or authorize the advertisements challenged in the counterclaims.

## OTHER ADDITIONAL DEFENSES

116. LifeScan reserves the right to add to its additional defenses as additional information becomes available in the course of this litigation.

## DEMAND FOR JURY TRIAL

117. LifeScan hereby demands a trial by jury on all issues triable by a jury relating to Defendants' claims.

/s/ *Gregory L. Diskant*
Gregory L. Diskant (admitted *pro hac vice*)
PATTERSON BELKNAP WEBB & TYLER LLP
Attorneys for Plaintiffs LifeScan, Inc. and
LifeScan Scotland, Ltd.