UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LIFESCAN SCOTLAND, LTD., et al.,

Plaintiffs,

v.

SHASTA TECHNOLOGIES, LLC, et al.,

Defendants.

Case No.  11-cv-04494-WHO

**ORDER RE ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

Re: Dkt. Nos. 351, 365, 373

The parties have filed administrative motions to file under seal various briefs and exhibits submitted in connection with the Court's order to show cause why LifeScan should not be held in contempt.  *See* Dkt. Nos. 351, 365, 373.

LifeScan seeks to seal

1)  portions of LifeScan's September 11, 2013 submission pursuant to order to show cause;

2)  portions of the supporting declaration of Gregory L. Diskant;

3)  portions of the supporting declaration of John P. Figura;

4)  the entirety of Exhibits M, N, O, P, Q, R, S, T, U, V, and GG to the Figura declaration;

5)  portions of LifeScan's October 9, 2013 reply on order to show cause;

6)  portions of the supporting declaration of Richard J. Gering;

7)  the entirety of Exhibit E to the Gering declaration;

8)  portions of the Diskant declaration in support of the reply;

9)  portions of the Figura declaration in support of the reply;

10) portions of the supporting declaration of Kathleen Brown; and

11) the entirety of Exhibits A, B, and C to the Brown declaration.

Dkt. Nos. 351, 373.  In support of their administrative motions, LifeScan states that the documents

United States District Court
Northern District of California

United States District Court
Northern District of California

1  contain information designated HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY by the defendants

2  or contain "highly sensitive business and financial information about LifeScan's marketing

3  initiatives, advertising expenditures, product distribution, and negotiations and relationships with

4  retailers, insurers, and mail order companies," disclosure of which "would create a substantial risk

5  of serious harm that could not be avoided by less restrictive means."   Dkt. Nos. 351-1, 373-1.

6      The defendants seek to seal their brief in response to the Court's Order to Show Cause and

7  the declaration of Keith Berman in response to the order to show cause.  Dkt. No. 365.  The

8  defendants assert that the documents they seek to seal "contain highly confidential information

9  about the identity of Defendants' distributors, the disclosure of which would create a substantial

10  risk of serious harm that could not be avoided by less restrictive means."  Dkt. No. 366.

11      Civil Local Rule 79-5 allows the Court to seal documents only upon a request that

12  establishes that the document, or portions thereof, are sealable.  Civil L.R. 79-5.  The request must

13  be narrowly tailored to seek sealing only of sealable material and be supported by a declaration

14  establishing compelling reasons or good cause to justify the sealing.  *Id*.  When seeking to file

15  under seal judicial records related to a non-dispositive matter, the party must make a

16  "particularized" showing of good cause under Federal Rule of Civil Procedure 26(c).  *Id*.

17      LifeScan has publicly filed redacted versions of the documents for which it seeks to file

18  portions under seal.  *See, e.g.,* Dkt. Nos. 298, 354, 373-6 – 373-21.  LifeScan's sealing requests

19  are thus narrowly tailored and supported by good cause.  Having considered the papers submitted,

20  and good cause having been shown, the Court hereby GRANTS Lifescan's motions to file under

21  seal at Docket Numbers 351 and 373.

22      The defendants have publicly filed a redacted version of their responsive brief portion of

23  which they seek to file under seal.  Dkt. No. 367.  The defendants' request to seal their responsive

24  brief is narrowly tailored and supported by good cause.  However, it appears that the defendants

25  have not filed a redacted version of the Berman declaration, nor lodged one with the Court.  The

26  defendants' apparent request to seal the *entirety* of the Berman declaration is not narrowly tailored

27  or adequately supported.  Accordingly, the defendants' motion to file under seal at Docket

28  Number 365 is GRANTED IN PART AND DENIED IN PART.  It is granted with respect to the

defendants' responsive brief, and denied without prejudice with respect to the Berman declaration.

## CONCLUSION

LifeScan's motions to file under seal (Dkt. Nos. 351, 373) are GRANTED.  The defendants' motion to file under seal (Dkt. No. 365) is GRANTED with respect to the defendants' responsive brief, and DENIED WITHOUT PREJUDICE with respect to the Berman declaration. By 10:00 am, Friday, November 1st, 2013, the defendants shall file a renewed motion to file the Berman declaration under seal and either i) publicly file a redacted version of the Berman declaration, narrowly tailored such that the request only relates to sealable material or ii) file a further declaration establishing that the entirety of the Berman declaration is sealable.

**IT IS SO ORDERED.**

Dated: October 29, 2013

_____

WILLIAM H. ORRICK
United States District Judge