UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFESCAN SCOTLAND, LTD., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SHASTA TECHNOLOGIES, LLC, et al.,<br><br>Defendants. | Case No. 11-cv-04494-WHO<br><br>**ORDER DENYING MOTION TO FILE UNDER SEAL WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 380 |

On October 29, 2013, the Court issued an order denying the defendants' motion to file the Berman declaration under seal. Dkt. No. 378. The Court ordered the defendants to file a renewed motion to file under seal and either i) publicly file a redacted version of the Berman declaration, narrowly tailored such that the request only relates to sealable material or ii) file a further declaration establishing that the entirety of the Berman declaration is sealable. *Id.* On October 31, 2013, the defendants filed a renewed motion to file under seal along with a redacted version of the Berman declaration. Dkt. No. 380, 380-3. The defendants seek to seal all but the first four paragraphs of the six-page Berman declaration and the exhibits to the declaration. Dkt. No. 380-3. In support, the defendants assert that the declaration and its attachments contain "highly confidential information about the identity of Defendants' distributors and finances, the disclosure of which would create a substantial risk of serious harm that could not be avoided by less restrictive means." Dkt. No. 380-1 ¶ 3.

The defendants' seek to seal information far beyond the "identity of Defendants' distributors and finances." Rather, the defendants seek to redact entire paragraphs of the Berman

declaration, seemingly indiscriminately. The request is not narrowly tailored and is DENIED WITHOUT PREJUDICE. By Monday, November 4, 2013, the defendants shall file a second renewed motion to file the Berman declaration under seal, accompanied by an amended redacted version of the Berman declaration. The motion and redactions shall be narrowly tailored such that the request only relates to sealable material. The Court expects the defendants to consider the declaration word by word to determine what information is truly confidential. For example

- The defendants have publicly stated that they lost sales as a result of LifeScan's letters. Dkt. No. 367 at 12. Yet the defendants have redacted the entire portion of the Berman declaration that relate to this assertion. Without identifying the identities of confidential distributors or the quantities of products or per product dollar amounts at issue, the defendants should be able to publicly disclose the portions of the Berman declaration that describe the consequences of LifeScan's letters to the distributors, including what the distributors communicated to the defendants and what the defendants did in response. Such information does not reveal the "identity of Defendants' distributors and finances" and should not be redacted.

- The defendants stated in the public version of their response to the order to show cause that they lost sales in the amount of $573,149 as a result of LifeScan's letters to the defendants' distributors. Dkt. No. 367 at 12. Accordingly, while the identities of the defendants' individual distributors may in some case be confidential and properly redacted, the amount of sales allegedly lost to each individual distributor is not. The defendants may properly seek to seal the per unit price to distributors as well as the defendants' anticipated profits, but the total amount of allegedly lost sales to each distributor (from which the $573,149 figure is calculated) should not be sealed.

- The defendants stated in the public version of their response to the order to show cause that "Lifescan relied on estimates that Defendants would enjoy $170 million in sales the first year," but "[s]ince Lifescan bullied Defendants' distribution chain, Defendants' actual sales have fallen more than $169 million short of those estimates." Dkt. No. 367 at 10. Accordingly, the statements in paragraph 6 of the Berman that revenues have fallen short of those estimates can hardly be confidential.

The materials identified above are only examples of the portions of the Berman declaration which should not be sealed. The defendants' proposed redactions are rife with additional material which does not appear confidential (e.g., the number of independent pharmacies in the United States, that the defendants engaged a financial expert, etc.). At this point, the Court does not see fit to enter its own redacted version of the Berman declaration and to order everything else filed publicly, but if the defendants are not able to limit their proposed redactions to sealable material,

2

the Court will do so on their behalf.

## CONCLUSION

The defendants' renewed motion to file the Berman declaration under seal is DENIED WITHOUT PREJUDICE. Dkt. No. 380. The defendants shall file a second renewed motion to file the Berman declaration under seal by Monday, November 4, 2013, in line with the guidance above.

**IT IS SO ORDERED**.

Dated: October 31, 2013

WILLIAM H. ORRICK
United States District Judge