UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFESCAN SCOTLAND, LTD., et al., <br><br> Plaintiffs, <br><br> v. <br><br> SHASTA TECHNOLOGIES, LLC, et al., <br><br> Defendants. | Case No. 11-cv-04494-WHO <br><br> **ORDER GRANTING PLAINTIFFS' MOTION TO MODIFY THE PROTECTIVE ORDER TO ALLOW LIMITED PARTICIPATION IN** *INTER PARTES* **REVIEW PROCEEDINGS** <br><br> Re: Dkt. No. 361 |

**INTRODUCTION**

Plaintiffs LifeScan Inc. and LifeScan Scotland, Ltd. (collectively, "LifeScan") have moved to modify the protective order governing disclosure of confidential material in this case to permit LifeScan's litigation counsel and expert to participate, on a limited basis, in pending review proceedings before the Patent and Trademark Office ("PTO") initiated by defendant PharmaTech Solutions, Inc.[1] Dkt. No. 361. Defendants PharmaTech Solutions, Shasta Technologies, LLC, Decision Diagnostics Corp., and Conductive Technologies, Inc. have opposed the motion. Dkt. No. 374. Pursuant to Local Rule 7-1(b), the Court finds this matter suitable for determination on the papers without oral argument and vacates the hearing scheduled for November 6, 2013. For the reasons stated below, the Court GRANTS the motion to modify the protective order.

---

[1] As noted below, LifeScan's motion originally related to two separate review proceedings then pending before the PTO: reexamination of the '247 and '862 Patents and *inter partes* review of the '105 Patent. However, the reexamination proceedings were concluded during the briefing on the present motion. As a consequence, in its reply brief, LifeScan states that it "withdraws its motion with respect to the reexaminations. The only remaining issue before the Court involves the ongoing IPR for the '105 patent." Dkt. No. 376 at 4.

**BACKGROUND**

LifeScan owns various patents related to blood glucose testing, targeted at people with diabetes. LifeScan has developed and sells various products practicing its patents, including OneTouch Ultra glucose monitors and OneTouch Ultra "test strips" designed for use with the monitors. The defendants have developed and manufacture and sell a disposable test strip called the GenStrip, which is designed for use with LifeScan's OneTouch Ultra monitors. On September 9, 2011, LifeScan filed a patent infringement suit against the defendants, asserting that the Genstrip infringes on LifeScan's U.S Patents Number 5,708,247 (the "'247 patent"), 6,241,862 (the "'862 patent") and 7,250,105 (the "'105 patent").

On September 25, 2013, LifeScan moved to modify the protective order governing this matter to allow LifeScan's litigation counsel and experts to participate in reexamination and *inter partes* review proceedings pending before the PTO regarding the patents at issue in this matter.

**A. Reexamination proceedings**

Pharmatech filed requests for reexamination of the '247 and '862 patents in September 2012. The PTO granted the requests in November 2012. Dkt. No. 362 ("Diskant Decl.") ¶ 8, Exs. 11, 12, 13. In April 2013, the PTO issued non-final office actions rejecting claims of the '247 and '862 patents in reliance on prior art references that the defendants previously asserted in their invalidity contentions in the present action.[2] *Id.* ¶ 7 and Exs. 6, 7. LifeScan submitted responses to the office actions in which it asserted that the prior art references would not have rendered the claimed inventions obvious to a person of ordinary skill in the art. Dkt. No. 364 ("Gelernter Decl."), Exs. E, F, G. The firm of Nutter McClennen & Fish is LifeScan's lead counsel in the reexamination proceedings. One of LifeScan's outside attorneys in this matter, Kathleen Crotty, assisted Nutter McClennen & Fish with LifeScan's responses to the PTO's non-final office actions. Diskant Decl. ¶¶ 10-11. Nutter McClennen & Fish does not represent LifeScan in this action.

LifeScan's responses to the office actions also included declarations from Dr. George

---

[2] The defendants do not dispute that all the prior art references that the PTO relied upon had been relied upon by the defendants in their invalidity contentions in this case.

Wilson, submitted in June 2013, analyzing the prior art cited by the PTO in the non-final rejections. LifeScan had previously identified Dr. Wilson to the defendants in August 2012 as an expert in this case who would be receiving confidential information pursuant to the protective order. Diskant Decl. ¶ 6. LifeScan asserts, and the defendants do not dispute, that Dr. Wilson's role in the reexamination proceeding did not involve any use of confidential information. Dkt. No. 361 at 8.

On October 10 and 17, 2013, while this motion was pending, the PTO issued Notices of Intent to Issue *Ex Parte* Reexamination Certificates ("NIRC") for the '862 patent and '247 patent, respectively. Dkt. No. 375 ("Gelernter Reply Decl."), Exs. A and B. The issuance of the NIRCs signifies that the reexamination proceedings have concluded. The NIRCs "confirmed" the patentability of all claims of the '862 patent (claims 1-34) and claims 1-16, 24-32 and 34 of the '247 patent. Dkt. No. 375 ("Gelernter Reply Decl."), Exs. A and B. None of the claims that are asserted in this action were amended.

Following the issuance of the NIRCs for the '862 and '247 patents, LifeScan withdrew as moot its motion as it relates to the reexamination proceedings. Dkt. No. 376 at 4. LifeScan asserts that "[t]he only remaining issue before the Court involves the ongoing IPR [*inter partes* review] for the '105 patent." *Id.*

### B. *Inter partes* review proceedings

PharmaTech filed a petition with the PTO requesting *inter partes* review of the '105 patent in April 2013. Diskant Decl. ¶ 15 and Ex. 17. In advance of submitting its preliminary response, on July 1, 2013, LifeScan moved for *pro hac vice* admission in the *inter partes* review proceedings of two of its outside litigation attorneys in this case, Ms. Crotty and Gregory Diskant. Diskant Decl. ¶ 16. PharmaTech did not oppose the motions and the PTAB admitted Ms. Crotty and Mr. Diskant *pro hac vice* on July 15, 2013. *Id.* The PTAB's order admitting Ms. Crotty and Mr. Diskant noted that "Mr. Diskant and Ms. Crotty are counsel in co-pending litigation involving the same patent" and "the Board recognizes that there is a need for LifeScan to have related litigation counsel involved in this proceeding." *Id.* Ex. 22.

The PTAB commenced the *inter partes* review on August 15, 2013. Diskant Decl. ¶ 19,

Ex. 25. LifeScan's next submission in the *inter partes* review is due on November 15, 2013.

### C. LifeScan's motion to modify the protective order

Discovery in this action is governed by the Patent Local Rule 2-2 Interim Model Protective Order ("Protective Order"). Section 8 of the Protective Order contains a "prosecution bar." It states:

> Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to [insert subject matter of the invention and of highly confidential technical information to be produced], including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[3] To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination or inter partes reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

*See* http://www.cand.uscourts.gov/stipprotectorder.

It is undisputed that the Protective Order was in effect prior to and during the ex parte reexamination and *inter partes* review proceedings. LifeScan states that "[i]n reviewing the Protective Order in connection with the IPR [*inter partes* review] proceeding, LifeScan concluded that the order required consent from the Defendants to the participation in both the IPR and the reexaminations of persons who had access to highly confidential information even if those persons did not use any confidential information and were not involved in claim amendments." Dkt. No. 361 at 11. On September 3, 2013, LifeScan wrote to the defendants' counsel to request consent for the following individuals to participate in the *inter partes* review:

---

[3] Footnote 3 to the Protective Order states that "Prosecution includes, for example, original prosecution, reissue and reexamination proceedings."

1) Mr. Diskant, Ms. Crotty and Sean Marshall, who are outside litigation counsel to LifeScan in this matter;

2) Michael Timmons, a litigation attorney with Johnson & Johnson, of which LifeScan is a subsidiary. Mr. Timmons has been admitted *pro hac vice* in this case (Dkt. No. 67) and is supervising this litigation; and

3) Dr. Mark Meyerhoff, LifeScan's technical expert in this action.

Diskant Decl. Ex. 27. LifeScan represented to the defendants that none of these individuals would use confidential information in the *inter partes* review and that none of them would be involved in any new or amended claims. *Id.* LifeScan also requested that the defendants consent to Ms. Crotty's and Dr. Wilson's participation in the reexamination proceedings, repeating that neither would use confidential information or be involved in amending claims. *Id.* At that point, the reexamination had already been proceeding for nearly a year (since November 2012), and Dr. Wilson had submitted declarations to the PTO several months earlier.

        LifeScan filed the present motion to modify the prosecution bar in the Protective Order after the defendants did not respond to LifeScan's request for consent. As noted above, LifeScan has since withdrawn as moot its motion as it relates to the reexamination proceedings.

        LifeScan argues that courts, including this Court, routinely find good cause to modify the protective order in circumstances like those present here, where the arguments and prior art submitted to the PTO in connection with review proceedings are identical to arguments and prior art that have been asserted in the district court litigation. Consequently, asserts LifeScan, as this action and the pending proceedings in the PTO "are two fronts in the same battle," LifeScan would be prejudiced, and PharmaTech unfairly advantaged, if LifeScan cannot rely on evidence and arguments from its expert and litigation counsel regarding non-confidential issues that the expert and counsel have already considered and addressed in this litigation. Dkt. No. 361 at 17 (citing *Grobler v. Apple Inc.*, 12-cv-01534 JST (PSG), 2013 WL 3359274, *2 (N.D. Cal. May 7, 2013)). LifeScan notes that the PTO has recognized that a patentee has a strong interest in having its litigation counsel represent it in the PTO where an *inter paries* review challenges the validity of a patent that is being asserted in pending litigation. LifeScan contends that the PTAB applied this reasoning when it admitted Mr. Diskant and Ms. Crotty to the *inter partes* review *pro hac vice*

and noted that "there is a need for LifeScan to have related litigation counsel involved in this proceeding."

LifeScan proposes two limitations on the individuals it seeks to involve in the *inter partes* review: first, persons who received confidential information in this matter will be prohibited from assisting in amending or drafting patent claims, and second, its counsel and experts will not use any of the defendants' confidential information in PTO proceedings. LifeScan argues that this limited participation would not prejudice the defendants and would not unduly risk use of the defendants' confidential information.

In response, the defendants do not dispute that, as a general matter, there is good cause to allow counsel and experts involved in litigation to also participate in a limited fashion in related PTO proceedings. Rather, the defendants argue that modifying the protective order in *this* case is not appropriate because the defendants "have no faith that LifeScan will follow the proposed limitations" because LifeScan has already violated the Protective Order by i) using confidential material for purposes other than this litigation[4] and ii) by having Ms. Crotty and Dr. Wilson participate in the PTO reexamination proceedings without seeking the defendants' consent or moving to modify the Protective Order. The defendants also argue that LifeScan will not be prejudiced if the Protective Order is not modified because LifeScan has already retained two other law firms to act as lead counsel in the PTO proceedings. The defendants argue that it is unclear what additional assistance LifeScan's litigation counsel and expert would bring to the PTO proceedings, aside from knowledge of the defendants' confidential information, given that LifeScan's responses to the invalidity arguments proffered in this action are matters of public record.

Alternatively, in the event that the Court is inclined to allow limited participation in the PTO proceedings, the defendants propose that the Court enumerate specific permitted activities, such as preparing the inventors for depositions and taking the depositions of the defendants'

---

[4] LifeScan's use of confidential material in violation of the Protective Order is the subject of a pending order to show cause why LifeScan should not be held in contempt. *See* Dkt. No. 336. That issue is set out in detail in the order to show cause. *Id.*

declarants, and prohibited activities, such as drafting claim amendments or "providing advice on the direction the claims should take." Dkt. No. 374-1.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) gives a court discretion to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" in discovery by "requiring that trade secret or other confidential ... commercial information not be revealed, or be revealed only in a specified way." Fed.R.Civ.P. 26(c)(1)(G). The Court's model protective order governs discovery unless the Court enters a different protective order. *See* N.D. Cal. Patent L.R. 2–2 ("The Protective Order authorized by the Northern District of California shall govern discovery unless the Court enters a different protective order."). The Court has inherent authority to grant a motion to modify a protective order where good cause is shown. *See Philips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).

The Federal Circuit has stated that a "party seeking an exemption from a patent prosecution bar must show on a counsel-by-counsel basis: (1) that counsel's representation of the client in matters before the PTO does not and is not likely to implicate competitive decisionmaking related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in litigation, and (2) that the potential injury to the moving party from restrictions imposed on its choice of litigation and prosecution counsel outweighs the potential injury to the opposing party caused by such inadvertent use." *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1381 (Fed. Cir. 2010).

## DISCUSSION

The Court has previously expressed its concerns with LifeScan's use of confidential material in violation of the Protective Order. *See* Dkt. No. 336. The Court is concerned that LifeScan had Ms. Crotty and Dr. Wilson participate in the PTO reexamination proceedings without the defendants' consent, which constitutes a separate violation of the Protective Order. However, the Court does not agree that LifeScan cannot be trusted to abide by the limitations it proposes, i.e., no use of confidential material and no involvement in amendment of claims. The Court finds LifeScan's proposed limitations sufficient to protect against injury to the defendants.

**A. LifeScan has demonstrated good cause for modification of the Protective Order.**

The Court has observed that "if the PTO and district court are just two fronts in the same battle, allowing a limited role for a patentee's litigation counsel while prohibiting counsel from crafting or amending claims is only reasonable." *Grobler*, 2013 WL 3359274, *2. Similarly, in *EPL Holdings, LLC v. Apple Inc.*, 12-cv-04306 JST JSC, 2013 WL 2181584, *4 (N.D. Cal. May 20, 2013) the Court allowed litigation counsel to participate in PTO review proceedings "so long as counsel is prohibited from assisting in any crafting or amendment of patent claims." *See also Shared Memory Graphics, LLC v. Apple, Inc.,* 2010 WL 4704420, at *4 (N.D. Cal. Nov.12, 2010) (allowing counsel to participate in reexamination proceedings so long as the proceedings were not initiated by the patent owner and counsel would not on any confidential information). As the Court has recognized, under such circumstances, "a total ban [on a patentee's litigation counsel] would burden a patentee with additional expense." *EPL Holdings, LLC*, 2013 WL 2181584, *3; *see also Grobler*, 2013 WL 3359274, *1 (a "prosecution bar should serve only to mitigate the risk of inadvertent use of proprietary information by a patentee, not to unduly burden a patentee with additional expense").

It is undisputed in this case that the PTO proceedings are outgrowths of this case. They involve the same patents and invalidity arguments and prior art references asserted here. LifeScan has established that the individuals it seeks to involve in the *inter partes* review proceedings have been directly involved in this case such that their ban from the PTO proceedings would burden LifeScan with additional expense. Mr. Diskant, Ms. Crotty and Mr. Marshall, LifeScan's outside litigation counsel in this matter, have been heavily involved in addressing the invalidity issues in this case, which will also be subject of the *inter partes* review. Diskant Decl. ¶ 24. Mr. Timmons, a litigation attorney with Johnson & Johnson, is supervising this case, including LifeScan's position on the defendants' invalidity arguments. *Id.* Dr. Meyerhoff, LifeScan's technical expert, responded to the defendants' obviousness arguments in connection with LifeScan's motion for a preliminary injunction in this matter. *Id.* Accordingly, allowing a limited role for these individuals, while prohibiting them from using confidential information or crafting or amending

8

claims, is reasonable.

### B. LifeScan's violations of the Protective Order are troubling but do not compel denying the motion to modify the Protective Order

The Court's order to show cause why LifeScan should not be held in contempt for using confidential information in violation of the Protective Order has been fully briefed by the parties. The Court will not address that matter further here. Separately, in connection with the present motion, LifeScan concedes that it violated the prosecution bar in the Protective Order when it failed to seek the defendants' consent prior to having its litigation counsel and experts participate in the reexamination and *inter partes* review proceedings. *See* Dkt. Nos. 361 at 11; 376 at 6. The Court is perplexed that LifeScan's lawyers have again violated the Protective Order. LifeScan's counsel are admonished to comply with the *form* and *substance* of their agreements and the Orders of the Court, which take precedence over counsel's customary practice or personal sense of appropriate conduct.

That said, the Court does not agree with the defendants that this second violation compels it to punish LifeScan by denying its motion. It appears that LifeScan's litigation counsel and experts have not used any confidential material or participate in amendment of claims in the concluded reexamination proceedings or in the ongoing *inter partes* review proceedings. The defendants do not contend otherwise. While that is not an excuse for violating the prosecution bar, it provides no cause to preclude counsel and their expert from limited participation in the *inter partes* review proceedings. Going forward, the Court credits LifeScan's counsels' representation that they will adhere to those limitations, adopted in this order, in the *inter partes* review.

In addition to the limitations proposed by LifeScan, the defendants propose that the Court enumerate specific activities in which LifeScan's individuals will be permitted to participate. The Court does not agree that this is necessary or helpful. For example, as LifeScan points out, on its face, the defendants' list would not allow LifeScan's litigation counsel to draft briefs or argue motions, nor does it permit them to participate in the *inter partes* review hearing itself or in preliminary hearings. The defendants are suitably protected by an order that bars the specified individuals from using the defendants' confidential information in any proceedings in the PTO and

9

bars them from any involvement in drafting any new claims or claim amendments.

## CONCLUSION

LifeScan's motion to modify the Protective Order to allow limited participation in patent prosecution proceedings is GRANTED. LifeScan's litigation attorneys, Gregory Diskant, Kathleen Crotty and Sean Marshall, Johnson & Johnson in-house counsel, Michael Timmons, and LifeScan's expert, Dr. Mark Meyerhoff, may participate in the *inter partes* review proceedings concerning U.S. Patent No. 7,250,105. None of these persons may use any of the defendants' confidential information in any proceedings in the PTO and none of them may be involved in drafting any new claims or claim amendments.

**IT IS SO ORDERED**.

Dated: November 4, 2013

WILLIAM H. ORRICK
United States District Judge