UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFESCAN SCOTLAND, LTD., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SHASTA TECHNOLOGIES, LLC, et al.,<br><br>Defendants. | Case No. 11-cv-04494-WHO<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 399 |

# INTRODUCTION

The Federal Circuit has found error in the issuance of a preliminary injunction in favor of Lifescan and ruled that the defendants have a patent exhaustion defense to their alleged infringement of Lifescan's '105 patent. Defendants now seek in a motion for judgment on the pleadings to apply collateral estoppel to Lifescan's patent infringement claims. However, the Federal Circuit's ruling was based on the limited factual record present in the preliminary injunction phase, and while plaintiffs' claim of infringement of the '105 patent will likely be constrained by the Federal Circuit's ruling, collateral estoppel does not apply. The plaintiffs will be afforded the opportunity to further develop the issue for resolution on summary judgment or at trial. Defendants' motion for judgment on the pleadings is DENIED.

# BACKGROUND

Plaintiffs LifeScan Inc. and LifeScan Scotland, Ltd. (collectively, "LifeScan") allege that defendants Shasta Technologies, LLC, Conductive Technologies, Inc., Instacare Corp. and Pharmatech Solutions, Inc. infringe U.S. Patents Number 5,708,247, 6,241,862, and 7,250,105 (the "'105 patent"), which relate to blood glucose monitoring systems for use by people with diabetes. Dkt. No. 170 (Amended Complaint). The systems consist of an electrochemical meter

1   and disposable test strips.  The user inserts a test strip into the meter, then draws a small drop of

2   blood and places the drop on the test strip.  The meter measures the amount of glucose in the

3   blood.  LifeScan manufactures a meter and test strips.  Defendants do not manufacture meters;

4   they manufacture test strips which can be used with LifeScan's meters.

5       On March 19, 2013, LifeScan's motion for a preliminary injunction for the '105 patent was

6   granted.  Dkt. No. 246.  On November 4, 2013, the Federal Circuit reversed the preliminary

7   injunction and remanded the matter for further proceedings.  *LifeScan v. Shasta*, 734 F.3d 1361

8   (Fed. Cir. 2013).  The Federal Circuit explained that "[b]ecause we conclude that Shasta has

9   established a patent exhaustion defense as a matter of law, we reverse the grant of a preliminary

10  injunction without reaching other issues in this case." *Id*. at 1366.

11      Under the patent exhaustion doctrine, method patents are "exhausted by the sale of an item

12  that embodie[s] the method." *Id.* at 1368 (citing *Quanta Computer, Inc. v. LG Electronics, Inc.*,

13  553 U.S. 617, 629 (2008)).  Conduct that occurs after patent rights have been exhausted cannot

14  constitute infringement.  Applying the doctrine to this case, the Federal Circuit found that

15  LifeScan's meters alone, not the strips, embody the method claims of the '105 patent, and

16  therefore the transfer of the meters to users or healthcare providers exhausts LifeScan's patent

17  rights.  *Id.* at 1371 ("Because it is the meter alone that performs these key inventive steps of the

18  claimed method, the meter substantially embodies the method claims of the '105 patent."); *id.* at

19  1374 ("We hold that the sale of the meter exhausted LifeScan's patent rights.").

20                                              **LEGAL STANDARD**

21      The standard for a motion for judgment on the pleadings under "Rule 12(c) is 'functionally

22  identical' to [a motion under] Rule 12(b)(6)." *Cafasso, United States ex rel. v. Gen. Dynamics C4*

23  *Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011).  When deciding such a motion, "the allegations

24  of the non-moving party must be accepted as true, while the allegations of the moving party which

25  have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*,

26  896 F.2d 1542, 1550 (9th Cir. 1989).  "Judgment on the pleadings should be granted when,

27  accepting all factual allegations in the complaint as true, there is no issue of material fact in

28  dispute and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*,

683 F.3d 1102, 1108 (9th Cir. 2012) (quotation marks and brackets omitted).

## DISCUSSION

Defendants concede that "issues decided on preliminary injunction are generally tentative." Mot. at 8. But they point out that there was "nothing tentative" about the Federal Circuit's ruling and that this matter fits within the exception to the general rule which "permits decisions regarding preliminary relief to accord preclusive effect if the decisions are necessarily based upon a determination that constitutes an 'insuperable obstacle' to the plaintiff's success on the merits." *Id.* (citing *Abbott Laboratories v. Andrx Pharmaceuticals, Inc.*, 473 F.3d 1196, 1202 (Fed. Cir. 2007)). In support, the defendant point to the Federal Circuit's statement that "we conclude that Shasta has established a patent exhaustion defense as a matter of law." The Federal Circuit also concluded that "LifeScan's OneTouch Ultra meters substantially embody the methods claimed in the '105 patent and that their distribution therefore exhausts LifeScan's patent rights." *Id*. (citing *Lifescan*, 734 F.3d at 1366, 1377.

While I agree that the Federal Circuit was emphatic, I am not persuaded that it intended to foreclose this issue from additional development. The opinion did not direct me to enter judgment for defendants. Footnote 3 uses language that seems to leave open the possibility that the outcome could change ("Lifescan is not likely to prevail on the patent exhaustion issue") and footnote 7 identifies an issue that might impact exhaustion principles.

Moreover, the Federal Circuit's decision was based on the limited factual record developed during litigation of Lifescan's preliminary injunction motion. As the Supreme Court has explained,

> The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held. Given this limited purpose, and given the haste that is often necessary if those positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits. A party thus is not required to prove his case in full at a preliminary-injunction hearing.

*Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Similarly, the Ninth Circuit has explained that "decisions on preliminary injunctions are just that—preliminary—and must often

3

be made hastily and on less than a full record." *S. Oregon Barter Fair v. Jackson Cnty., Oregon*, 372 F.3d 1128, 1136 (9th Cir. 2004); *see also Altana Pharma AG v. Teva Pharm. USA, Inc.*, 566 F.3d 999, 1007 (Fed. Cir. 2009) ("Applications for preliminary injunctions are typically presented on an abbreviated record without the benefit of a full trial."). As a result, as a "general rule," decisions at the preliminary injunction phase are not binding, *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agr.*, 499 F.3d 1108, 1114 (9th Cir. 2007), and "disposition of appeals from most preliminary injunctions may provide little guidance as to the appropriate disposition on the merits." *Ctr. for Biological Diversity v. Salazar*, 706 F.3d 1085, 1090 (9th Cir. 2013).

The defendants are correct that there is an exception to the general rule and rulings on appeals from preliminary injunctions can be determinative of the merits where they resolve underlying matters as matters of law. *See, e.g., Humanitarian Law Project v. U.S. Dep't. of Justice,* 352 F.3d 382, 393 (9th Cir. 2003) (issues decided on appeal from preliminary injunction were considered in full and resolved as matters of law and thus, the law of the case doctrine prevented further review of that issue in a subsequent appeal), *vacated on other grounds by* 393 F.3d 902 (9th Cir. 2004). But the patent exhaustion doctrine at issue here involves a question of fact. *See, e.g., Cornell Univ. v. Hewlett-Packard Co.*, 2008 WL 5671886 (N.D.N.Y. Aug. 1, 2008) (patent exhaustion defense "presents a factual question, appropriately addressed by a jury") (Rader, J., sitting by designation). The Federal Circuit did not conclusively resolve that question of fact on the limited record before it. The Federal Circuit stated that "[t]he facts relevant to the patent exhaustion issue here are undisputed." *Lifescan*, 734 F.3d at 1368. Contrary to the defendants' argument, that does not mean that all facts relevant to the exhaustion question were necessarily presented to the Federal Circuit, or that LifeScan is barred from developing the record further before this Court. The Federal Circuit merely noted that the relevant facts *before it* were undisputed; it did not state that there were no set of facts which could produce a different outcome.

In its papers and at oral argument, LifeScan discussed specific factual issues that, it contends, were not addressed by the Federal Circuit and that will defeat the patent exhaustion defense. *See, e.g.,* Opp. at 3 ("The Court specifically noted that it was not addressing a situation

… where none of the components of a combination patent is independently patentable."); *LifeScan*, 734 F.3d at 1373 n.7 ("The parties have not argued, and therefore we do not decide, whether there would be any impact on exhaustion principles if a strip were 'especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use' within the meaning of 35 U.S.C. § 271(c)."). LifeScan may develop those issues. I express no opinion whether or how those factual issues might impact the patent exhaustion analysis in this case.

The defendants argue that LifeScan does not have any evidence different from what was in the record before the Federal Circuit; that the declaration of LifeScan's expert offered with LifeScan's opposition to the motion for judgment of the pleadings "rehashes" the same arguments made before the Federal Circuit; and that LifeScan's new arguments contradict its prior arguments and representations made before the PTO. That may all be true, but that is a determination for the Court on summary judgment or for the jury at trial. If the defendants are correct, then they should be able to prevail on summary judgment.[1]

## CONCLUSION

The defendants' motion for judgment on the pleadings is DENIED.

**IT IS SO ORDERED**.

Dated: May 23, 2014

_____
WILLIAM H. ORRICK
United States District Judge

---

[1] LifeScan contends that the Federal Circuit's decision "has no bearing on whether LifeScan could prevail on a more complete record. Opp. at 9. While LifeScan is correct that the Federal Circuit's decision is not determinative of the applicability of the patent exhaustion defense, it is inexact to state that it has "no bearing" on that issue. To the extent that the Federal Circuit determined that the facts before it compelled certain findings of law relating to the patent exhaustion issue, I am bound by those findings. *See, e.g., Ranchers*, 499 F.3d at 1114 (conclusions of law made on appeal from a preliminary injunction order are binding on a district court on remand).